WILSON v. STATE.

(*Jackson.* June 20, 1899.)

1. INDICTMENT. *For statutory offenses.*

An indictment for a statutory offense must charge every act made essential by the statutory definition of the offense. Hence, if a battery is required by the statute to constitute the offense, it must be averred.

Cases cited and approved: Harrison v. State, 2 Cold., 234; State v. Ladd, 2 Swan, 226; Morrow v. State, 10 Hum., 120; Whitesides v. State, 4 Cold., 182; Rhodes v. State, 1 Cold., 351.

2. SAME. *Illtreat not sufficient to charge battery.*

The word "illtreat" does not import violence, and when used alone in an indictment does not charge a battery.

3. SAME. *Insufficient to charge assault and battery with intent to commit rape.*

An indictment that charges that defendant made a felonious assault upon a female, and did "illtreat" her, with intent to have carnal knowledge of her forcibly and against her will, is insufficient, for failure to aver a battery, to charge the statutory offense of assault and battery with intent to commit rape.

Code construed: § 6459 (S.); § 5367 (M. & V.); § 4615 (T. & S.).

4. VERDICT. *Fixing punishment in excess of maximum.*

A verdict fixing a punishment in excess of the maximum allowed by statute cannot be sustained.

Case cited and approved: McDougal v. State, 5 Bax., 660.

FROM GIBSON.

Appeal in error from Circuit Court of Gibson County. JOHN R. BOND, J.

Wilson v. State.

WALKER & BIGGS for Wilson.

Attorney-general PICKLE for State.

McALISTER, J. The plaintiff in error was con-
victed in the Circuit Court of Gibson County of
an assault with intent to commit rape and his
punishment fixed by the jury at confinement in
the State penitentiary for a term of ten years.
Motions for a new trial and in arrest of judg-
ment having been overruled, the prisoner appealed.
The indictment upon which the prisoner was tried
and convicted is, viz.: "That Matthew Wilson, late of
said county, laborer, heretofore, to wit, on the 20th
day of April, 1898, in the county of Gibson afore-
said, then and there unlawfully and feloniously an
assault did make in and upon the body of one
Willie Porter, a female, and her the said Matthew
Wilson did illtreat, with the intent then and
there feloniously, forcibly, and against the will of
said Willie Porter, to have unlawful carnal knowl-
edge of her, the said Willie Porter, against the
peace and dignity of the State. W. W. Wade,
Attorney-general."

The trial Judge instructed the jury that the
indictment was based upon Sec. 5469 of Shannon's
Code, viz.: "Any person guilty of committing an as-
sault and battery upon any female, with an intent
forcibly and against her will to have unlawful
carnal knowledge of her, shall, on conviction, be

imprisoned in the penitentiary not less than ten nor more than twenty-one years."

It is insisted on behalf of the plaintiff in error that the charge of the Court was erroneous, and the conviction cannot be sustained, for the reason that no battery is charged. "Where a statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offense in the words of the statute, and for this purpose it is essential that these words should be used. In such cases the defendant must be specially brought within all of the material words of the statute, and nothing can be taken by intendment." Whar. on Criminal P. & P., Sec. 220. "Where the offense is statutory, the indictment should follow the statute. To the extent that the statute defines the offense, not less is admissible. The indictment must charge the defendant with all of the acts within the statutory definition." Bishop New Criminal Procedure, Vol. 1, Sec. 611, Subsec. 2; Sec. 612, Subsecs. 1, 2, and 3; *Harrison* v. *State,* 2 Cold., 234; *State* v. *Ladd,* 2 Swan, 226; *Morrow* v. *State,* 10 Hum., 120; *Whitesides* v. *State,* 4 Cold., 182. "Where the statute requires a battery to constitute the offense, it must be averred in the indictment." Bishop on Crim. Pro., Vol. 2, Sec. 77, Subsec. 3; *Rhodes* v. *State,* 1 Cold., 349.

It is insisted, however, on behalf of the State, that the word "illtreat" employed in the indictment is a word of similar import, and implies

violence. We do not think the use of this term
sufficient. Mr. Bishop, in his work on Directions
and Forms, speaking of the words equivalent to
charge the word "battery," gives the word "beat"
as being sufficient. He says: " 'beat,' 'bruise,'
'wound,' and 'illtreat' have, in most circumstances,
from early times been commonly employed. I presume
'beat' alone will suffice, though I have before me
no authorities to the point. 'Illtreat' is, in rea-
son, too indefinite to be of any effect, nor is
there apparently any propriety in continuing its
use." Sec. 206, note 4.

We are therefore of opinion the Circuit Judge was
in error in instructing the jury that the prisoner
might be convicted under the statute already
quoted. The verdict of the jury is not sustainable
under Sec. 6471 Shannon's Code, for the reason
the punishment fixed is in excess of the maxi-
mum punishment prescribed by that Act. *McDougal
v. State,* 5 Bax., 660.

It is unnecessary to notice other assignments of
error in respect of matters which will probably
not occur on another trial, but for the reason
given the judgment is reversed and the cause re-
manded.