STATE EX REL. HULL *v.* RIMMER.

(*Nashville.* December Term, 1913.)

1. **RAPE.   Assault with intent to rape.   Female under age of consent.   Statutory provisions.**

In view of the history of the legislation which makes a distinction between carnal knowledge of a female forcibly and against her will, which is rape, and carnal knowledge of a female under the age of consent, where the character of the act is not affected by the consent of the female, Shannon's Code, sec. 6459, making any person who assaults a female with intent, forcibly and against her will, to have carnal knowledge of her, punishable by imprisonment for not less than ten years nor more than twenty-one years, applies only to assaults upon females over the age of consent, while Shannon's Code, sec. 6471, imposing a different punishment upon one who assaults another with intent to commit any felony, etc., where the punishment is not otherwise prescribed, applies to assaults with intent to have carnal knowledge to a female under the age of consent. (*Post, p.* 385.)

Acts cited and construed:   Acts 1829, ch. 23; Acts 1871, ch. 56; Acts 1879, ch. 63.

Code cited and construed:   Secs. 6451, 6459, 6471 (S.); secs. 4614, 4615, 4630 (M. & V. and 1858).

Cases cited and approved:   Murphy v. State, 47 Tenn., 516; Mayfield v. State, 101 Tenn., 673; Fitts v. State, 102 Tenn., 141; Wright v. State, 23 Tenn., 196; Wyatt v. State, 32 Tenn., 394; Brown v. State, 65 Tenn., 424.

2. **RAPE.   Statutory rape.   Repeal.**

Code 1858, sec. 4614, later codified as Shannon's Code, sec. 6455, made punishable any person who should carnally know and abuse a female under the age of ten years.   It was amended

by Act 1871, ch. 56, as to the punishment, and again amended
by Act 1879, ch. 63, so as to read that any person who should
assault a female under the age of ten years with intent to
carnally know her should be punishable as in the case of
rape. Act 1893, ch. 129, amended section 4614 as amended in
1871 so as to change the age to twelve years, and re-enacted
it as amended, but made no reference to the act of 1879, and
did not incorporate its provisions. *Held*, that the amendment
by the act of 1879, which was an addition to, and not a sub-
stitution for, section 4614, was repealed by the amending
act of 1893. (*Post, p.* 391.)

Acts cited and construed: Acts 1871, ch. 56; Acts 1893, ch. 129.

Code cited and construed:  Sec. 6458 (S.); sec. 4614 (M. & V.
and 1858).

## FROM DAVIDSON.

Appeal from the Criminal Court of Davidson county
to the Court of Civil Appeals, and by *certorari* from the
Court of Civil Appeals to the Supreme Court.—
A. B. NEIL, Judge.

JOHN T. ALLEN, and LYTTON TAYLOR, for plaintiff.

F. M. THOMPSON, attorney-general, for defendant.

MR. JUSTICE BUCHANAN delivered the opinion of the
Court.

The controlling question in this case is which of two
sections of Shannon's Code declared the offense and

fixed the punishment for a crime charged against John Carter by indictment at the November term of the circuit court of Henry county, for the year 1911, upon which he was tried and convicted by a jury at the November term, 1912.

Upon Carter's appeal therefrom, the judgment based on the above conviction was affirmed by us at our April term, at Jackson, in 1913, and Carter was committed to the penitentiary to serve out the term of four years imposed by the verdict of the jury. In August, 1913, this *habeas corpus* proceeding was set on foot against the warden, Rimmer, drawing into question the legality of the imprisonment of Carter under the judgments aforesaid; the insistence being that, on the face of the record, he is entitled to be discharged from custody. This insistence was denied by Judge Neil, of the criminal court of Davidson county, and, on appeal from his judgment, by the court of civil appeals, and is now before us on petition for *certiorari*.

The statutes in question are: First, section 6459 of Shannon's Code. The history of the legislation culminating in this statute may be traced in detail by examination of Acts of 1829, ch. 23, sec. 53; Section 4615, Code of 1858; and Acts of 1871, ch. 56, sec. 3. It is sufficient to say that this legislation is correctly codified in the section of Shannon's Code above mentioned; and, as there found, it reads: "Any person guilty of committing an assault and battery upon any female with an intent, forcibly and against her will to

have carnal knowledge of her, shall, on conviction be imprisoned in the penitentiary not less than ten nor more than twenty-one years.''

The second statute in question is section 6471 of Shannon's Code, reading as follows: "If any person assault another with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year and by fine not exceeding five hundred dollars, at the discretion of the jury.''

This section is an exact reproduction of section 4630 of the Code of 1858.

Now, petitioner insists that Carter was indicted, tried, and convicted under section 6459 of Shannon's Code, and, assuming this hypothesis to be correct, he maintains that the verdict of the jury, and all of the judgments thereon depending, are illegal and void, because he says the lowest measure of imprisonment which could have been inflicted under section 6459, Shannon's Code, was ten years, and therefore there resided no power in the jury, by its verdict, to impose a term of four years' imprisonment upon him and no power in any court to enforce by its judgment or sentence such unauthorized verdict of the jury, upon which point he cites as authority our cases: *Murphy* v. *State*, 47 Tenn., (7 Cold.), 516; *Mayfield* v. *State*, 101

Tenn. (17 Pickle), 673, 49 S. W., 742; and *Fitts* v. *State,* 102 Tenn. (18 Pickle), 141, 50 S. W., 756.

It will not become necessary for us to consider the point last mentioned, and the cases cited above to support it, if we reach the conclusion that the primary insistence is unsound. In the outset, it is well to note that, as early in our legislation as the act of 1829, a distinction was taken between unlawful carnal knowledge of a female under the age of ten years and such an act committed upon one over that age. By the terms of the statute, to constitute the offense of rape, as defined in the thirteenth section, twenty-third chaper, Acts of 1829, the carnal knowledge must have been had forcibly and against the will of a woman. By the fifteenth section of the same act, there are no words used to indicate that will or consent on the part of a female under ten years of age would affect the character of the act. One of these offenses the statute names, rape; the other it does not so name.

In respect of the distinction above pointed out, our statutes are closely analogous to Westminster II, ch. 34, and 18 Eliz., ch. 7, referred to by Mr. Blackstone (book 4, ch. 15, p. 212), where he speaks of what he calls the offense of ''forcible rape,'' and another offense which he speaks of as ''the abominable wickedness of carnally knowing and abusing any woman child under the age of ten years,'' in which case, he says: ''The consent or nonconsent is immaterial, as by reason of her tender years she is incapable of judgment and discretion.''

Another distinction between rape and unlawful carnal knowledge of a female under the age of ten years noticeable in the statutes above named is that force is a necessary element in the crime of rape, but not so in the other crime. This distinction is apparent in the language of the act by which each offense is defined: "Rape is the unlawful carnal knowledge of a woman, forcibly and against her will." See section 13, ch. 23, Acts 1829; section 6451, Shan. Code. But the other crime is thus defined: "Any person who shall unlawfully and carnally know and abuse a female under the age of ten years, shall, on conviction, be punished as in case of rape." See section 15, ch. 23, Acts 1829; section 4614, Code 1858.

The two distinctions above pointed out are recognized in our cases. See *Wright* v. *State,* 23 Tenn. (4 Humph.), 196; *Wyatt* v. *State,* 32 Tenn. (2 Swan), 293; *Brown* v. *State,* 65 Tenn. (6 Baxt.), 424.

Following the distinctions above indicated, this court, in a case where the indictment charged an assault and battery, with intent to commit rape upon a female child four years old, said the only question presented was whether the facts constituted the offense created by section 4615 of the Code of 1858. This section in that Code is the same, in substance, as section 6459 of Shannon's Code, which is the section under which petitioner insists Carter was charged and convicted. But the court in that case said: "Yet we are of opinion that this section has reference only to cases where, if the intent was carried out, the offense would be rape.

That would not be so if the female was under ten.'' And in that case, the judgment of conviction was reversed. See *Rhodes* v. *State,* 41 Tenn. (1 Cold.), 352.

In another case, where the indictment charged the same offense as in the case last cited, and the age of the female was five years, and there was a conviction, the judgment based on a verdict of guilty was reversed, for the reason that the circuit judge told the jury that the section 4615, Code 1858, applied to the facts of that case; in other words, this court in that case held clearly and expressly against the insistence of petitioner in the present case. See *Brown* v. *State,* 65 Tenn. (6 Baxt.), 422. And the holding in that case goes even further than we have indicated, for it is an express holding in favor of the insistence of the State in the present case, which is, in brief, that, when properly construed, the words ''any female,'' used in section 4615, Code 1858, section 6459, Shan. Code, do not include or refer to a female who is under the age of consent, or, as put by Mr. Blackstone, who is, ''by reason of her tender years, incapable of judgment and discretion,'' but do include and refer only to any female above that tender and indiscreet age fixed by the law as the boundary line between subjects of the crime of rape and the other and more heinous crime, to wit, carnal knowledge of a child in whom the law recognizes no capacity to will or consent, or to resist force. The court in that case pointed out that, in the description of the crime intended to be committed, the indictment used the words which define rape, where the intent

must be to have carnal knowledge of the female forcibly and against her will, and adds: "This would not be necessary to create the offense perpetrated on a female under ten." By the above quotation, the court did not mean that rape could be committed on a female under ten; it only meant to say that in such case it would not be necessary to show that the carnal knowledge was accomplished by force, or that it was done against the will of the female. The court then proceeds to say that it did not follow from its view "that there was no provision made in the Code for the punishment of the offense of which the proof" seemed to show that defendant was guilty (and then the opinion sets out the substance of section 6030 of the Code of 1858, which we have already set out herein, which is now section 6471 of Shan. Code, and is the section under which the state insists that Carter was indicted, tried, and convicted) ; and the opinion in that case then proceeds: "The proof in the case would tend to show that defendant was guilty of an assault with intent to commit the offense described in section 4614, for attempting to commit which offense the punishment is not otherwise prescribed."

Thus we have in the last paragraph of that opinion a clear determination of the precise point on which this case turns, a clear adjudication that the state's insistence in this case is correct, and a foreclosure of further controversy. At the time the indictment against Carter was found, the only change which had been made in section 4614 of the Code of 1858 appears, by

section 6455 of Shannon's Code, to be the substitution of the word "twelve" for the word "ten," as indicating the age of the female; and, as already stated, section 6030 in the Code of 1858 appears word for word as section 6471 of Shannon's Code. It was true when the *Brown Case,* supra, was decided, when the indictment was returned and tried in that case, and it was also true when Carter was indicted, tried, and convicted in this case, that there was a statute denouncing as guilty of a felony punishable by imprisonment in the penitentiary any person who should unlawfully know and carnally abuse a female under the age of 10 years at the time of the *Brown Case,* under the age of 12 years at the time of the *Carter Case.* But there was no statute at the time of either event which prescribed the punishment for an assault upon such a female with the intent to commit such an offense, and the absence of such a statute *ipso facto* brought into operation in each case the same statute, numbered 6030 in the Code of 1858, and numbered 6471 in Shannon's Code.

It is urged, on behalf of Carter, that a suggestion was made in *Hill* v. *State,* 73 Tenn. (5 Lea), 725, to the effect that chapter 63 of the Acts of 1879, was intended to be an amendment of section 4614 of that Code. Such a suggestion was made in that case *arguendo,* but the point was not decided, and we think the suggestion was clearly refuted by the plain terms of the amending act.

Our attention has been called to section 6458 of Shannon's Code. This statute became a part of our legislation in a clumsy effort to amend section 4614 of the

Code of 1858 at a time when the age of the female
stood in section 4614 at ten years, and no doubt, the
purpose was to add to that section of the Code what
now appears as section 6458 of Shannon's Code; but
the act of 1879 as passed, omitting the enacting and
concluding clause was as follows: ''That section 4614
of the Code be so amended as to read, that any person
who shall commit an assault and battery upon a female,
under the age of ten years, with intent to unlawfully
and carnally know her shall, on conviction, be pun-
ished as in case of rape.''   But, for the manifest pur-
pose to add the quotation above to the section 4614 of
the Code, the language of the act would convey the
meaning that a substitution was intended.   That ques-
tion is, however, immaterial in the light of subsequent
legislation, which was chapter 129 of the Acts of 1893,
which, omitting the enacting clause, so far as material
reads:   ''That section 5365 of Milliken & Vertrees
Compilation of the Laws of Tennessee, the same being
section 4614 of the Code, as amended by chapter 56
of the Acts of 1871, be, and the same is hereby, amended
so as to read as follows:   'Any person who shall un-
lawfully and carnally know and abuse a female under
the age of twelve years shall, on conviction, be punished
as in case of rape.' ''   Then follows other provisions
of this act not material to the present subject.

Thus it becomes apparent that the act of 1879 took
no note of the act of 1871, and the act of 1893 paid no
heed to the act of 1879.   Now the act of 1871 (see sec-
tions 1 and 2) amended section 4614 of the Code of

1858 in respect of the punishment to be inflicted, the details of which need not be discussed. In this state of the legislation, a prudent codifier may well have followed the course pursued by Mr. Shannon in carrying into his Code the section 6458, but nevertheless we think the act of 1893 repealed the act of 1879, and that section 6458 of Shannon's Code was not an existing statute in 1896, when that compilation occurred, and has not been such since the act of 1893. Manifestly the legislature could not have intended the act of 1879, fixing the age of discretion at 10 years, and the act of 1893, fixing that age at 12 years, to stand together. The two cannot coexist by reason of their repugnancy.

We think there was no error in the judgment of the court of civil appeals, and it is affirmed at the cost of petitioner.