STATE *v.* WILLIS.*

(*Knoxville.*   September Term, 1914.)

1. **BANKS AND BANKING.**  Criminal prosecutions.  Sufficiency
of indictment.

Under Acts 1911, ch. 44, making it a felony for any officer or
other person having the control or management of any bank
to receive or permit the reception of any money on deposit
when such officer or person knows or has good reason to believe
,that the bank is insolvent, an indictment, charging that accused,
being the cashier of the K. Banking & Trust Company, a cor-
poration, and as such having the control and management of
the K. Banking & Trust Company, received and permitted the
reception on deposit of money, and \that he then knew and
had good reason to believe that the K . Banking & Trust Com-
pany was insolvent, but not alleging that accused was an officer
or person having control of a bank or that the K. Banking &
Trust Company was a bank, was insufficient, where the name
of the K. Banking & Trust Company could not be found in any
list of corporations published in the acts of the General As-
sembly as required by Shannon's Code, sec. 2033, and no special
act creating such corporation could be found, as the averments
that the institution had a cashier and that a deposit was received
by it did not indicate that it was a bank, nor was it a fair
inference from the name of the institution that it was a bank.
(*Post, pp.* 414-417.)

Act cited and construed:   Acts 1911, ch. 44.

Case cited and distinguished:   State v. Pearce, 7 Tenn., 66.

2. **CRIMINAL LAW.**  Evidence.  Judicial notice.  Existence and
powers of corporations.

The courts will judicially notice the existence, name, and powers
of a private domestic corporation created by a public act, and

---

*As to the criminal liability for receiving deposit in bank
knowing of its insolvency, see note in 31 L. R. A., 124.

On the question of the constitutionality of statutes making the
receiving of deposits after the bank is insolvent a crime, see note
in 22 L. R. A. (N. S.), 266.

State v. Willis.

the authority to incorporate under and powers conferred by a general incorporation law. (*Post, pp.* 417, 418.)

Code cited and construed: Secs. 7081, 2033 (S.).

Acts cited and construed: Acts 1875, ch. 142, sec. 20.

Cases cited and approved: Owen v. State, 37 Tenn., 493; Coal Creek, etc., Co. v. E. Tenn., etc., Co., 105 Tenn., 563.

3. CRIMINAL LAW. Evidence. Judicial notice. Existence and powers of corporations.

Shannon's Code, sec. 2033, requiring the secretary, of State to have published and bound with the acts of each general assembly a certified list of all corporations organized under that chapter since the last publication, with the names and date of organization, and providing that such publication shall be legal evidence of the existence of such corporations, places such lists of domestic corporations in the same *status* as the published acts of the legislature of which the courts will take judicial notice. (*Post, pp.* 417, 418.)

4. CRIMINAL LAW. Evidence. Judicial notice. Existence and powers of corporations.

Judicial notice cannot be taken of the existence or powers of a corporation not appearing to have been created under the laws of this State. (*Post, pp.* 419, 420.)

Cases cited and approved: Owen v. State, 37 Tenn., 493; Nashville Trust Co. v. Weaver, 102 Tenn., 66; Water Co. v. Bank, 123 Tenn., 364.

5. INDICTMENT AND INFORMATION. · Requisites of Accusation. Statutory offenses.

Indictments for statutory offenses must bring the defendant within all the material words of the statute, and nothing can be taken by intendment. (*Post, pp.* 420-422.)

Cases cited and approved: State v. Jones, 10 Tenn., 22; Grandison v. State, 21 Tenn., 451; Elijah v. State, 21 Tenn., 455; Williams v. State, 27 Tenn., 585.

Cases cited and distinguished: Steinston v. State, 14 Tenn., 531; Jones et al. v. State, 84 Tenn., 466; Wilson v. State, 103 Tenn., 87.

State v. Willis.

6. **BANKS AND BANKING.** Criminal offenses. Statutory provisions.

Acts 1911, ch. 44, making it a felony for any officer or other person having the control or management of a bank to receive or permit the reception of any money, etc., on deposit in such bank, when such officer or person knows or has good reason to believe that the bank is insolvent, is valid. (*Post, p. 422.*)

Acts cited and construed: Acts 1911, ch. 44.

Case cited and approved: State v. Willis, 170 S. W., 1030.

---

### FROM ANDERSON.

---

Appeal from the Criminal and Law Court of Anderson County.—XEN HICKS, Judge.

FRANK M. THOMPSON, attorney-general, for the State.

FOWLER & FOWLER, JEROME TEMPLETON, SAWYER & UNDERWOOD and BURNETT & WALLACE, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

Willis was indicted for illegally receiving a deposit in the Knoxville Banking & Trust Company, while acting as cashier thereof. A demurrer was interposed to the indictment which was sustained and the indictment quashed. The State has appealed in error to this court.

The indictment is founded on chapter 44 of the Acts of 1911. That act reads as follows:

"That hereafter it shall be a felony for any officer or officers, agent or agents, or any other person or persons, having the control or management of any bank in this State, to receive, assent to the reception

of, or permit the reception of, any money, check, draft, note, or bill of exchange on deposit in such bank, when such officer or officers, agent ·or agents, or other person or persons know, or have good reason to believe, that such bank is insolvent.''

The material words of the indictment are these:

''The grand jurors for the State of Tennessee, upon their oaths do present that W. W. Willis, heretofore, to wit, on or about the 14th day of December, 1912, in the State and county aforesaid, being an officer, to wit, cashier of Knoxville Banking & Trust Company, a corporation, and as such officer having the control and management of said Knoxville Banking & Trust Company, did on or about the 14th day of December, 1912, feloniously receive, assent to the reception of and permit the reception on deposit in said Knoxville Banking & Trust Company of fifteen hundred, thirty-seven dollars and thirty-nine cents, good and lawful money of the United States, the kind and denomina- tion of same being to the grand jurors unknown, of the value of fifteen hundred, thirty-seven dollars and thirty-nine cents. Said money having been deposited by Charles F. Eager, agent, on or about December 14, 1912, and said defendant at the time of said deposit then and there knew and had good reason to believe that said Knoxville Banking & Trust Company was insolvent, against the peace and dignity of the State.''

Several grounds of demurrer were interposed, only one of which was sustained, which was:

"It is not alleged in the indictment that the defendant had control and management of a bank, or that the Knoxville Banking & Trust Company, of which the defendant is alleged to have had control and management, was a banking institution."

It will be observed that only officers, agents, or persons having the control of a bank are within the scope of this act. An essential element of the offense is that the deposit be received by a person so connected with a bank, and a person so receiving a deposit, unless he have such connection with a bank, is not guilty of any offense. The relation of the accused to a bank is not a mere matter of proof in a prosecution under this statute, but such relation is a material element of the offense, and the relation must be both pleaded and proven.

Speaking of indictments many years ago, Judge WHYTE of this court used language which has often since been quoted, and paraphrased, as follows:

"The description of the offense charged in an indictment ought to be competent to three purposes: First, competent to the information of the defendant, that he may know what offense he is called upon to answer; second, competent to the information of the court, that it may see a definite offense on record to apply the judgment, and punishment which the law prescribes; third, competent to the protection of the defendant against a future prosecution for the same offense." *State* v. *Pearce,* Peck, 66, 67.

This indictment charges that Willis was an officer having control and management of Knoxville Banking & Trust Company, and, as such officer, received the deposit. It is not averred that he was an officer having control of a bank, nor is it averred in the indictment that Knoxville Banking & Trust Company was a bank. It is merely averred that Knoxville Banking & Trust Company was a corporation.

There being no statement in the indictment that Willis had any relation with a bank, or received said deposit as an officer, agent, or person having control of a bank, it is obvious that this indictment is bad unless we can conclude that the language used in the indictment is equivalent to a charge that Willis was connected with a bank in the manner referred to in the statute.

The language of the indictment is that Willis was the cashier having control and management of Knoxville Banking & Trust Company, a corporation. Is this language equivalent to saying that he was cashier, having control and management of a bank or banking institution?

It is provided in section 7081 of Shannon's Code that matters of which the court will take judicial notice need not be set out in an indictment. Section 2033 of Shannon's Code provides that:

"The secretary of State shall have published and bound with the acts of each general assembly a certified list of all corporations organized under this chapter since the last publication, giving the name and

130 Tenn. 27

date of organization of each corporation, and such publication shall be legal evidence of the existence of such corporations.''

This last section of Shannon's Code is section 20 of chapter 142 of the Acts of 1875. The law is also well settled that courts will judicially notice the existence, name, and powers of a private domestic corporation created by a public act, and the authority to incorporate under, and powers conferred by, a general incorporation law. *Owen* v. *State,* 5 Sneed, 493; 16 Cyc., 881.

It having been averred in the indictment that Knoxville Banking & Trust Company was a corporation, and it being our duty to take judicial notice of the existence of all corporations chartered under our general law, the names of which are printed in the acts of the general assembly, with a view of aiding this indictment to stand, the court has examined every list of domestic corporations, published in the acts of our general assembly since 1875. We find in such examination no mention in any list of such a corporation as Knoxville Banking & Trust Company, nor do we find any special act creating such a corporation prior to the constitution of 1870.

Section 2033 of Shannon's Code, above quoted, places these lists of domestic corporations in the same *status* as the published acts of the legislature, of which the courts will take judicial notice, and no proof need be made of same. *Coal Creek, etc., Co.* v. *E. Tenn., etc., Co.,* 105 Tenn., 563, 59 S. W., 634.

Under the circumstances just detailed, it is manifest that we cannot judicially notice the corporate existence or powers of Knoxville Banking & Trust Company, nor that it was a bank. We cannot judicially know either the existence or powers of a corporation not appearing to have been created under the laws of this State. *Owen* v. *State,* 5 Sneed, 493; *Nashville Trust Co.* v. *Weaver,* 102 Tenn., 66, 50 S. W., 763.

In order to sustain this indictment, it is therefore necessary to infer, from the fact that a certain institution was designated as Knoxville Banking & Trust Company, that said institution was a bank. To sustain an indictment in this way would violate the fundamental rules of criminal procedure.

The averment that this institution had a cashier does not indicate it was a bank, for many enterprises have officers or employees called "cashiers." *Water Co.* v. *Bank,* 123 Tenn., 364, 131 S. W., 447. Nor is the averment that a single deposit was received by this concern particularly suggestive that it was a bank. These averments in the indictment are of no force.

It would not even be a fair inference to say that an institution was a bank merely because it was designated Knoxville Banking & Trust Company.

It is somewhat difficult to define a bank as appears from the discussion of definitions by Mr. Morse. See Morse on Banks & Banking, vol. 1, sec. 2. He gives several definitions, and says:

"Practically, a bank is a place where deposits are received and paid out on checks and money is loaned

on security. If the institution has the additional power of using its promissory notes to circulate as money, it is called a bank of issue." Id.

Other definitions of a bank will be found in 5 Cyc., 431.

It is a matter of common knowledge that many stock and bond brokers, money lenders, and even pawnbrokers advertise their establishments as banks or trust companies. This is done to dignify their concerns, and is done to a great extent. Even bucketshops are so called. Such enterprises so designated do not receive deposits subject to check, or transact other customary banking functions, and none of them could be considered a bank within the broadest meaning of that word. Accordingly, the designation of an institution as a banking and trust company means very little. The business conducted may not be that of a bank at all.

But, in addition to this, this court said many years ago, speaking of an indictment under consideration:

"Nothing but inference could sustain the indictment, and we must not be driven to intendment to support prosecutions on behalf of the State." *Steinston* v. *State,* 6 Yerg., 531.

"Prosecutions cannot be sustained by intendment, but everything necessary to constitute the offense must be averred." *Jones et al.* v. *State,* 16 Lea, 466.

We have many other cases to the same effect. It must be remembered that this is a statutory offense with which defendant below was charged, and a late expression of this court is as follows:

" 'Where a statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offense in the words of the statute, and for this purpose it is essential that these words should be used. In such cases the defendant must be specially brought within all of the material words of the statute, and nothing can be taken by intendment.' Wharton on Criminal P¹. & P., sec. 220. 'Where the offense is statutory, the indictment should follow the statute. To the extent that the statute defines the offense, not less is admissible; the indictment must charge the defendant with all of the acts within the statutory definition.' Bishop's New Criminal Procedure, vol. 1, sec. 611; subsec. 2." *Wilson* v. *State,* 103 Tenn., 87, 52 S. W., 869.

In this case it was held that a charge that defendant did "ill treat" a certain female did not amount to a charge of a battery upon the said female. We have many other illustrations in our cases of the rule that indictments founded on a statute must bring the defendant within all the material words of the statute, and nothing can be taken by intendment. See *State* v. *Jones,* 2 Yerg., 22; *Grandison* v. *State,* 2 Humph., 451; *Elijah* v. *State,* 2 Humph., 455; *Williams* v. *State,* 8 Humph., 585.

After a very careful consideration of this indictment, and of the authorities bearing on the questions raised in this case, we are forced to the conclusion that the trial judge properly sustained the ground of demurrer mentioned and quashed the indictment. To say that defendant was an officer having management

and control of Knoxville Banking & Trust Company is not equivalent to charging him with being an officer having management and control of a bank. A business is not uniformly by any means a banking business because it is advertised as a banking company or trust company. We could not, as we have seen, fairly draw such an inference; if it were permissible to draw inferences. Moreover, the law is plain that in an indictment nothing can be left to inference.

This indictment is not competent to the information of the court. It describes no offense under the laws of Tennessee.

It may be proper to observe that the court has fully considered the constitutional objections urged to chapter 44 of the Acts of 1911 in *State v. Willis* (No. 2 Anderson Criminal), 170 S. W., 1030, and is of opinion that none of said objections are well taken, and we believe the act is valid.

The judgment must be affirmed.