WILLIAM BOWMER *v.* THE STATE.*

(*Nashville.* December Term, 1927.)

Opinion filed May 28, 1928.

1. CRIMINAL LAW. ATTEMPT TO RAPE. EVIDENCE.

Where it appears that an eleven-year-old girl left school and was traveling a path toward her home; the defendant, a man twenty-two years old, overtook her between 4:00 and 4:30 P. M. at a point about half a mile from the schoolhouse; made an indecent proposal to her; threw her on the ground and made an unsuccessful attempt to have intercourse with her; after this she resumed her journey toward home; a half mile further on she overtook Thomas Adams, but did not tell him of defendant's conduct; Adams testified that she showed evidence of having walked pretty fast and looked red and excited, but otherwise observed nothing out of the ordinary; and where defendant introduced seven witnesses to establish an **alibi,** such evidence does not exclude the possibility that defendant, observing the child when she left school alone, overtook her a short distance away, attempted to have intercourse with her and reappeared where the witnesses say they saw him, and that his absence for the few minutes in following her and making the attempt was not observed, and the Court cannot conclude that the evidence preponderates against the verdict. (Post, p. 127.)

2. CRIMINAL LAW. RAPE. ATTEMPT TO COMMIT RAPE. CHARGE OF COURT.

Under an indictment for rape under Section 6451 of Shannon's Code, it is error for the trial judge to charge that said section includes "an attempt" to have carnal knowledge of a female forcibly and against her will; and then to quote Section 6459 of Shannon's Code and to instruct the jury that if the defendant attacked the girl and undertook to have carnal knowledge of her, he would be guilty of assault and battery with intent to commit rape as de-

fined in Section 6459 and that the punishment should be assessed at not less than ten nor more than twenty-one years in the penitentiary. (Post, p. 128.)

Citing: Sections 6451 and 6459, Shannon's Code (1917 Ed.).

3. CRIMINAL LAW. ATTEMPT TO COMMIT RAPE. ATTEMPT TO COMMIT OTHER FELONY. PUNISHMENT.

We have no statute that authorizes the punishment of ten years for "attempt to commit rape," the punishment for attempt to commit rape, or any other felony, is fixed at confinement in the penitentiary not less than one, nor more than five years. (Post, p. 128.)

Citing: Sec. 6471, Shannon's Code; McDougal v. The State, 64 Tenn. (5 Baxt.), 660.

4. CRIMINAL LAW. ATTEMPT TO HAVE CARNAL KNOWLEDGE OF CHILD UNDER TWELVE YEARS. PUNISHMENT.

An attempt to have carnal knowledge of a child under twelve years of age is not punishable under the statute against rape, but under the statute which fixes the punishment for "any other felony." (Post, p. 128.)

Citing: Secs. 6459 and 6470, Shannon's Code; State v. Rimmer, 129 Tenn. (2 Thomp.), 383; Brown v. State, 65 Tenn. (6 Baxt.), 422; Rhodes v. State, 41 Tenn. (1 Cold.), 351.

5. CRIMINAL LAW. ASSAULT ON CHILD. STATUTE REPEALED.

Our statute making an assault upon a child under twelve punishable as rape was repealed. (Post, p. 129.)

Citing: Sec. 6458, Shannon's Code (1896 Ed.); Chapter 129, Acts of 1893; State v. Rimmer, 129 Tenn. (2 Thomp.), 392.

6. CRIMINAL LAW. RAPE. CARNAL KNOWLEDGE OF CHILD UNDER TWELVE. DISTINGUISHED. PUNISHMENT.

Rape, as defined by our statute, is carnal knowledge of a woman, over twelve years of age, accomplished by force; whereas carnal knowledge of a child under twelve years punishable as in case of rape, is a distinct felony, so declared by statute. The former is punishable by imprisonment from five to twenty-one years, while the latter is punishable by imprisonment of from one to five years (Post, p. 129.)

7. CRIMINAL LAW. BATTERY. ASSAULT AND BATTERY. ATTEMPT. CHARGE OF INDICTMENT. FINDING OF JURY.

A battery is an essential element of the assault and battery with intent to commit rape under the statute and a conviction is not authorized unless the indictment charge and the jury find that a battery attended the attempt, but battery is not required under an indictment charging an attempt to have carnal knowledge of a child under the age of consent. (Post, p. 129.)

Citing: Secs. 6459 and 6471, Shannon's Code; Neilson v. State, 103 Tenn. (19 Pick.), 87; McEwing v. State 134 Tenn. (7 Thomp.), 649.

8. CRIMINAL LAW. CHARGE OF TRIAL JUDGE. PUNISHMENT. ERROR.

A charge of the trial court in a criminal case which causes the jury to assess punishment not authorized by statute is reversible error. (Post, p. 130.)

9. CRIMINAL LAW. RECOMMITMENT OF INDICTMENT.

Upon remand from the Supreme Court it is proper for the Trial Judge to recommit the indictment to the grand jury for such further action as may be required to present an indictment on a count charging the crime disclosed by the evidence. (Post, p. 130.)

---

*Headnotes 1. Rape, 33 Cyc., p. 1493; 2. Rape, 33 Cyc., p. 1520; 3. ————; 4. Rape, 33 Cyc., p. 1432; 5. ————; 6. Criminal Law, 17 C. J., section 3700.

---

FROM MORGAN.

---

Appeal from the Criminal Court of Morgan County.— HON. W. H. BUTTRAM, Judge.

DAVIS & DAVIS, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK, delivered the opinion of the Court.

The indictment charged the crime of rape denounced by Section 6451 of Shannon's Code. "The jury found the defendant guilty of attempt to commit rape," and assessed the punishment at ten years in the Penitentiary. Appeal was prayed and through assignments of error it is urged, (1) That the evidence preponderates against the verdict. (2) That the trial Judge erroneously instructed the jury that Section 6459 of Shannon's Code, and not Section 6471, prescribed the punishment for attempt to have carnal knowledge of a female under twelve years of age.

(1) Harriett Dobrzyn, whose age was eleven years, testified that on the evening of January 27, 1927, after she left school and as she was traveling a path toward her home, William Bowmer, who says his age was twenty-two, overtook her between four and four-thirty P. M., at a point about one-half mile from a school house at Deer Lodge and made an indecent proposal to her. She states that Bowmer threw her upon the ground and made an attempt to have intercourse but was unsuccessful. After this she resumed her journey toward home. A half mile further on the road she overtook Thomas Adams but did not tell him of Bowmer's conduct. Adams testified that she showed evidence of having walked pretty fast and looked red and excited, but otherwise he observed nothing out of the ordinary.

Seven witnesses were introduced to establish an *alibi*. We have carefully examined this evidence and it does not exclude the possibility that Bowmer, observing the child when she left Deer Lodge alone, overtook her a short distance away, attempted to have intercourse with her and reappeared where the witnesses say they saw him, and

that his absence for the few minutes required in following her and making the attempt was not observed.

Upon a careful review of the evidence we cannot conclude that it preponderates against the verdict. (2) We are, however, constrained to reverse for error in the charge, resulting in illegal verdict and judgment. The trial Judge charged the jury that the indictment for rape founded on Section 6451 of Shannon's Code included "an attempt" to have carnal knowledge of a female forcibly and against her will. He then quoted Section 6459 of Shannon's Code, and instructed the jury that if the defendant attacked the girl, and undertook to have carnal knowledge of her, he would be guilty of an assault and battery with intent to commit rape as defined in Section 6459, and that the punishment should be assessed at not less than ten nor more than twenty-one years in the Penitentiary. Responding to this instruction the jury found "the defendant guilty of attempt to commit rape," and assessed his punishment at ten years in the Penitentiary. The trial Judge approved the verdict and entered a judgment accordingly.

(3) We have no Statute that authorizes imprisonment of ten years for "attempt to commit rape." For the felony of attempt to commit rape, or any other felony, the punishment is prescribed by Section 6471 of Shannon's Code, at confinement in the Penitentiary not less than one, nor more than five years. *McDougal* v. *The State,* 5 Bax., 660.

(4) Moreover, an attempt to have carnal knowledge of a child under twelve years is not punishable under Section 6459 of Shannon's Code, but is punishable under Section 6471. *State* v. *Rimmer,* 129 Tenn., 383; *Brown* v. *State,* 6 Bax., 422; *Rhodes* v. *The State,* 1 Cold., 351.

*(5)* It is proper to note here that the Statute codified in Section 6458, Shannon's Code of 1896, making an assault upon a child under twelve punishable as rape, was repealed by force of Chapter 129, Acts of 1893. *State* v. *Rimmer,* 129 Tenn., 392.

*(6)* The Statutes involved were carefully considered and construed in the cases of *Brown* v. *State, supra,* and *Rhodes* v. *State, supra,* and the construction given them is obvious. Rape defined by Section 6459, Shannon's Code, is carnal knowledge of a woman, over twelve years of age, accomplished by force. Whereas carnal knowledge of a child under the age of twelve years punishable as in case of rape, is a distinct felony so declared in Section 6455 of Shannon's Code.

Assault and battery upon a woman with intent, forcibly and against her will to have carnal knowledge of her is a distinct felony punishable under Section 6459 of Shannon's Code, by imprisonment from ten to twenty-one years, while an attempt to commit the felony of carnal knowledge of a child under twelve years of age is a felony punishable by imprisonment of from one to five years under Section 6471 of Shannon's Code. *Brown* v. *State, supra.*

*(7)* A battery is an essential element of the assault and battery with intent to commit rape under Section 6459 and the conviction is not authorized unless the indictment charge and the jury find that a battery attended the attempt. *Neilson* v. *State,* 103 Tenn., 87. But the battery is not required to sustain a conviction for attempt to commit a felony under Section 6471 of Shannon's Code, as for instance, the attempt to have carnal knowledge of a child under the age of consent. *McEwing* v. *State,* 134 Tenn., 649.

157 Tenn.—9.

*(8)* The offense disclosed by the proof and found and reported by the jury was an attempt, and was punishable by confinement in the Penitentiary not exceeding five years. The verdict and judgment thereon assessing ten years' imprisonment in the Penitentiary was not authorized by the Statute, and because the trial Judge by the instruction given caused the jury to assess punishment not authorized by the Statute, the judgment must be reversed and the cause remanded.

*(9)* Upon remand it is suggested that the trial Judge recommit the indictment to the grand jury for such further action as may be required to present an indictment or a count charging an attempt to commit the felony of carnally knowing and abusing Harriett Dobrzyn, a female under the age of twelve years.

Section 6459, Shannon's Code, declares carnal knowledge of a child a felony punishable as in rape.

Section 6471, Shannon's Code, declares the attempt to commit any felony a felony punishable as therein set forth.