**Carl Dean HUDSON, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Nov. 7, 1975.

Edward F. Hurd, Newport, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Alfred C. Schmutzer, Jr., Dist. Atty. Gen., Sevierville, for defendant-in-error.

## OPINION

DUNCAN, Judge.

The defendant, Carl Dean Hudson, Jr., was convicted in the Cocke County Criminal Court of "Assault with Intent to Commit Rape." The jury set the defendant's punishment at a determinate sentence of fifteen (15) years in the penitentiary. At the time of the hearing of the defendant's motion for a new trial, the trial judge concluded that the offense was punishable by an indeterminate sentence; accordingly, he fixed the minimum sentence at six (6) years in the penitentiary. Thus, the court's judgment provided that the defendant be committed to the penitentiary for a period of not less than six (6) years nor more than fifteen (15) years. The defendant has appealed his conviction and sentence to this Court.

■ The case is before us on the Technical Record, with no Bill of Exceptions having been filed. In the absence of a Bill of Exceptions, there is a presumption that the evidence abundantly supports the verdict of the jury. *Clark v. State,* 214 Tenn. 555, 381 S.W.2d 898 (1964).

In his only assignment of error, the defendant contends that "The court' erred in modifying the verdict of the jury in this case by fixing the minimum sentence of the defendant at six years instead of three years as provided by statute."

The State concedes in its brief that error is present and submits the case without recommendation.

■ The defendant was indicted for the offense of rape. T.C.A. § 39–3701. An indictment for rape embraces the lesser included offenses of assault and battery with intent to commit rape (T.C.A. § 39–605), assault with intent to commit a felony (T.C.A. § 39–603), and assault and battery, a misdemeanor. *Strader v. State,* 210 Tenn. 669, 362 S.W.2d 224 (1962). Thus, one put to trial on a charge of rape may be convicted at that crime or one of its lesser included offenses, depending on the facts of the case.

In this case, the jury reported its verdict as follows:

"We the Jury find the Defendant Guilty of Assault with Intent to Commit Rape and fix his punishment at a determinate period of (15) fifteen years in the State Penitentiary."

■ The trial judge's charge to the jury is not contained in the record; however, we find sufficient information contained in the trial court's order overruling the defendant's motion for a new trial to answer the questions involved herein. We find it unnecessary to go into detail regarding the difficulties which the trial judge encountered in his charge on the punishment for the offense of assault and battery with intent to commit rape, since the jury did not find the defendant guilty of this offense. The jury, instead, found the defendant guilty of "Assault with Intent to Commit Rape," which is a violation of T.C.A. § 39–603 (assault with intent to commit a felony). Suffice it to say that the offense of assault and battery with intent to commit rape is punishable by an indeterminate sentence of not less than three (3) years nor more than twenty-one (21) years in the penitentiary. We would state that even if

the defendant had been found guilty of this latter named offense, the jury would not have been authorized by law to set a determinate sentence of fifteen (15) years.

A further complicating aspect of the problem was the trial judge's attempt to correct the jury's error by taking it upon himself to fix the minimum sentence at six (6) years. Where an offense is punishable by an indeterminate sentence, the prerogative for setting both the maximum and minimum terms of that sentence is vested exclusively in the jury. T.C.A. § 40–2707.

We make the above statements solely for the purpose of clarity, because the trial judge erroneously assumed that the defendant had been found guilty of assault and battery with intent to commit rape (T.C.A. § 39–605). Likewise, in their briefs, both the State's counsel and the defendant's counsel make the same erroneous assumption.

As heretofore set forth, the defendant was found guilty of "Assault with Intent to Commit Rape." This is a conviction under the provisions of T.C.A. § 39–603, which Section provides:

"If any person assault another, with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one (1) year, and by fine not exceeding five hundred dollars ($500)."

For a conviction to be sustainable under T.C.A. § 39–605, it is essential, in addition to the other elements, that an "*assault*" and "*battery*" (emphasis added) be present. Under T.C.A. § 39–603, however, the violation can occur by merely an "assault" with intent to commit a felony or by "otherwise" attempting to commit any felony.

The instant case is virtually identical to the factual situation presented in *Bowmer v. State,* 157 Tenn. 124, 128–29, 6 S.W.2d 326, 327 (1928). In *Bowmer,* the defendant was indicted for rape, and the judge charged the jury that the indictment included the offense of assault and battery with intent to commit rape under § 6459 of the Shannon's Code (now T.C.A. § 39–605). The jury returned a verdict finding the defendant guilty of "Attempt to Commit Rape."

The *Bowmer* court, in reversing the conviction, said:

"We have no Statute that authorizes imprisonment of [ten] 10 years for 'attempt to commit rape.' For the felony of attempt to commit rape, or any other felony, the punishment is prescribed by section 6471 of Shannon's Code (now T.C.A. § 39–603), at confinement in the penitentiary not less than [one] 1 nor more than [five] 5 years.

.      .      .      .

"A battery is an essential element of the assault and battery with intent to commit rape under section 6459 (now T.C.A. § 39–605) and the conviction is not authorized unless the indictment charge, and the jury find, that a battery attended the attempt. *Neilson*[1] v. State, 103 Tenn. 87, 52 S.W. 869. But the battery is not required to sustain a conviction for attempt to commit a felony under section 6471 of Shannon's Code (now T.C.A. § 39–603) .    .    . ."

Also in point is *Jamison v. State,* 220 Tenn. 280, 285, 416 S.W.2d 768, 770 (1967). In *Jamison,* the defendant was indicted under T.C.A. § 39–605 for assault and battery with intent to commit rape. The jury found the defendant guilty of "Assault with Intent to Ravish." The word "ravish" was simply an ill-chosen word which did not appear to trouble the Supreme Court.

1. The correct name of the cited case is *Wilson v. State,* not *Neilson v. State.*

While the case was reversed because of the setting of improper punishment, the Court did construe this as a proper conviction for an assault with intent to commit a felony under T.C.A. § 39–603. The Court said:

"A verdict of an assault with intent to rape does not include a finding of guilt by the jury of an assault and battery with intent to commit rape."

■ Thus, the jury verdict in the case, *sub judice,* found the defendant guilty of "Assault with Intent to Commit Rape," an offense for which he was subject to be punished by confinement in the penitentiary for not less than one (1) year nor more than five (5) years, or in the discretion of the jury, by a jail or workhouse sentence of not more than one (1) year and a fine not exceeding five hundred dollars ($500). The verdict affixing the defendant's punishment at fifteen (15) years imprisonment in the penitentiary, and the judgment thereon assessing his punishment at a penitentiary sentence of not less than six (6) years nor more than fifteen (15) years were not authorized by the statute.

Since the jury did not find the defendant guilty of the offense to which the punishment fixed applied, we have no alternative but to remand the case for a new trial. *Jamison v. State, supra.* We note, however, that the defendant has not filed a Bill of Exceptions; therefore, his guilt of assault with intent to commit rape is presumed. *Clark v. State, supra.* The verdict as to his guilt of this offense is valid, but the cause must be remanded for a new trial on the issue of punishment only. The jury shall set the defendant's punishment in accordance with the provisions of T.C.A. §§ 39–603 and 40–2707. See *Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738 (1956); *Beaver v. State,* Tenn.Cr.App., 475 S.W.2d 557 (1971).

For the reasons stated, we conditionally vacate that portion of the judgment relating to punishment, and remand the case to the trial court for a new trial by a new jury on the issue of punishment only.

WALKER, P. J., and GALBREATH, J., concur.