**STATE of Tennessee, Appellee,**

v.

**Ricky HAMLIN, Paula Hamlin and Alberta Layne, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 25, 1983.

Robert S. Peters, Winchester, for appellants.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., Jones W. Luna, Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

DUNCAN, Judge.

The defendants, Ricky Hamlin, Paula Hamlin and Alberta Layne, appeal from the denial of their petitions for suspended sentences. This appeal has presented problems that have been most difficult for us to solve. However, as we will hereinafter explain, we have reached the only decision that can be made, considering the posture of the record before us.

The record shows that the defendants reached a plea bargain agreement with the State to the effect that they would plead guilty to various charges involving passing and/or possessing counterfeit bills, with penitentiary sentences to be imposed of not less than one (1) year nor more than five (5) years, for each defendant's respective convictions, and that each would have the opportunity to apply to the trial court for probation.

In line with that agreement, on June 2, 1982, Ricky Hamlin pled guilty to two (2) counts of passing counterfeit bills and one (1) count of possessing counterfeit bills, for which he received concurrent penitentiary sentences of not less than one (1) year nor more than five (5) years; Paula Hamlin pled guilty to one (1) count of passing counterfeit bills and one (1) count of possessing counterfeit bills for which she received two (2) concurrent penitentiary sentences of not less than one (1) year nor more than five (5) years. Alberta Layne pled guilty to pos-

sessing counterfeit bills for which she received a sentence of not less than one (1) year nor more than five (5) years.

Initially, we point out that the sentences imposed upon each of these defendants are totally void.

■■■ The defendants' convictions for passing and/or possessing counterfeit bills were for violations proscribed by T.C.A. § 39–3–807 and § 39–3–808. T.C.A. § 39–3–820(a) provides that the punishment for the defendants' violations shall be "imprisonment in the penitentiary not less than two (2) years nor more than fifteen (15) years."[1] Subsection (b) of T.C.A. § 39–3–820 provides that in cases involving the forgery of instruments representing monetary value, the punishment shall be as in case of larceny. Apparently, the defendants and the State, as well as the trial court were laboring under the erroneous impression that the defendants could be punished pursuant to subsection (b), rather than subsection (a) of the penalty statute; however, the punishment for the defendants' violations clearly must be meted out in accordance with the dictates of subsection (a) of T.C.A. § 39–3–820.

Thus, each of the defendants received a lower punishment for each of their respective violations than was authorized by the statute.

■■■ Tennessee has consistently followed the rule that a verdict fixing punishment higher or lower than that authorized by the statute which designates the punishment for the crime is a nullity and no valid judgment can be pronounced thereon. We have a long line of cases where this rule has been applied. *Judkins v. State,* 224 Tenn. 587, 458 S.W.2d 801 (1970); *Van Pelt v. State,* 193 Tenn. 463, 246 S.W.2d 87 (1952);

---

1. We point out that since the punishment for passing counterfeit bills as well as for possessing counterfeit bills is not less than two (2) years nor more than fifteen (15) years in the penitentiary, then Ricky Hamlin (with four (4) convictions) and Paula Hamlin (with two (2) convictions) were not even eligible for probation consideration in the first instance. T.C.A. § 40–21–101 precludes from probation a defendant who "has been convicted of two (2) or more felonies for which the maximum sentence provided by law exceeds ten (10) years' confinement in the state penitentiary." *See State v. McCammon,* 623 S.W.2d 133 (Tenn.Cr.App. 1981).

*Daniels v. State,* 176 Tenn. 181, 140 S.W.2d 148 (1940); *Bowmer v. State,* 157 Tenn. 124, 6 S.W.2d 326 (1928); *Nashville Railway and Light Co. v. State,* 144 Tenn. 446, 234 S.W. 327 (1921); *Wilson v. State,* 103 Tenn. 87, 52 S.W. 869 (1899); *Mayfield v. State,* 101 Tenn. 673, 49 S.W. 742 (1899); *State v. Ragsdale,* 78 Tenn. (10 Lea) 671 (1882); *Murphy v. State,* 47 Tenn. (7 Cold) 516 (1870); *Johnson v. State,* 580 S.W.2d 789 (Tenn.Cr.App.1978); *Jenkins v. State,* 509 S.W.2d 240 (Tenn.Cr.App.1974). These cases teach that the only remedy for an error of this type is a reversal and remand for a new trial.

Therefore, because the defendants' sentences were void and the judgments entered thereon were invalid, and if there were not other problems with this case, we would not hesitate to reverse the convictions for all three defendants; however, as we will now explore, there are other problems with this case that preclude that course of action, except with regard to Alberta Layne.

Regarding the appeal of Ricky and Paula Hamlin, we are confronted with a jurisdictional question.

■ The judgments against these defendants were entered on June 2, 1982, sentencing them to the "Tennessee State Penitentiary" for their respective convictions. At that time defense counsel advised the court they would be filing applications for probation. However, no written petitions for probation were ever filed on behalf of the Hamlins. Alberta Layne did timely file a written petition. Petitions for probation must be in writing and must be timely filed. *See* T.C.A. § 40–21–101; *Tenn.R.Crim.P.* 32(f)(1); *State v. Ricker,* 611 S.W.2d 839, 843 (Tenn.Cr.App.1980); *State v. Ashley,* No. 80–57–F (Tenn.Cr.App., Nashville, October 7, 1982); *State v. Sharma,* No. 80–236–III (Tenn.Cr.App., Nashville, September 24, 1981).

■ Notwithstanding, the trial court held a probation hearing on August 2, 1982,

considerably more than thirty (30) days after the judgments against the Hamlins had become final, since no written petition for probation had been filed on their behalf to toll the running of the time. Judgments become final thirty (30) days after entry unless the efficacy of the judgment is tolled by the filing of an appropriate procedural motion, such as the filing of a motion for a new trial, motion in arrest of judgment or motion (or petition) for a suspended sentence. *T.R.A.P.* 4(c); *Ray v. State,* 576 S.W.2d 598 (Tenn.Cr.App.1978); *State v. Bouchard,* 563 S.W.2d 561 (Tenn.Cr.App. 1977).

At any rate, on the date of the probation hearing, the court denied full probation to the defendants but ordered a partial suspension for Paula Hamlin and Alberta Layne, ruling that after they served thirty (30) days, the balance of their sentences would be suspended. As to Ricky Hamlin, the trial judge ruled that after he served six (6) months in the Coffee County Workhouse, "the balance of his sentence may be suspended upon application." While the record is silent on the place of confinement as to Mrs. Hamlin and Alberta Layne, we gather that it was the trial court's intention that the thirty (30) days that Mrs. Hamlin and Alberta Layne were to serve was also to be served in the county jail or workhouse.[2]

■ Clearly, as to the Hamlins, their judgments had become final prior to the trial judge's memorandum opinion and order on August 2, 1982, in which he attempted partial suspensions of their sentences. Thus, his order on that date was void for lack of jurisdiction. Since the trial court lacked jurisdiction, then we too are without jurisdiction over their appeal, and even though the defendants filed a notice of appeal within thirty (30) days after the August 2nd order, it served no purpose. *See State v. Givhan,* 616 S.W.2d 612 (Tenn.Cr. App.1980). It necessarily follows then that

---

**2.** Apparently, the trial judge was attempting to proceed as if he had originally sentenced the defendants to serve their penitentiary sentences in the workhouse, pursuant to T.C.A. § 40–21–103. However, his judgments entered on June 2, 1982, did not so provide.

our only recourse as to the Hamlins is to dismiss their appeal for lack of jurisdiction.

■ Since Alberta Layne did timely file her petition for probation, which tolled the running of the thirty (30) day rule regarding finality of judgments, then the trial court still had jurisdiction when it acted on her petition on August 2, 1982. However, this record is in no posture for us to decide whether the trial court erred in denying a full suspension of her sentence. As we stated earlier in this opinion, the authorities require us to reverse her conviction and remand her case for a new trial because of her void sentence.

Obviously, because of the Hamlins' void sentences, as well as the problems surrounding their plea bargain agreement, upon proper application by them for post-conviction relief, the trial court might well consider whether the Hamlins' convictions should also be set aside and a new trial granted. See T.C.A. §§ 40–30–101, et seq.

For the reasons stated, the appeal as to Ricky Hamlin and Paula Hamlin is dismissed, and as to Alberta Layne, her conviction is reversed and her case is remanded for a new trial.

TATUM and CORNELIUS, JJ., concur.