STATE OF TENNESSEE *v.* JAMES BRYANT AND R. L. BRYANT.*

(*Jackson.*   April Term, 1928.)

Opinion filed July 16, 1928.

1. CRIMINAL LAW.  VIOLATING TOBACCO TAX LAW.  PRESENTMENT.  MOTION TO QUASH.

A presentment that the defendant "did fail to affix stamps as required by law upon sundry quantities of manufactured tobacco, cigars and cigarettes, the same having come to rest in this State and within the jurisdiction of this Court the said James Bryant and R. L. Bryant having said tobacco, cigars and cigarettes in their possession and place of business, and for the purpose of sale and having as aforesaid unlawfully failed to affix the stamps as required by law thereto and thereon said packages against the peace and dignity of the State," should be quashed on motion, because no offense is charged.  The only criminal offense defined in the Tobacco Tax Law being one imposed in Section 4 thereof for selling, offering for sale or displaying for sale any package or parcel of cigars, cigarettes, manufactured tobacco and snuff without having affixed thereto or thereon the stamp or stamps required to be affixed by the Act.  (Post, p. 349.)

Citing: Acts 1927, chs. 2, 41, 71.

2. CRIMINAL LAW.  INDICTMENT.  STATUTE.  SUFFICIENT AVERMENTS.

The description of a statutory offense in the words of the statute is sufficient, and renders the indictment sufficiently certain, if it gives to the defendant notice of the nature of the charge against him.  (Post, p. 351.)

Citing: State v. Willis, 130 Tenn., 412; State v. Wilson, 103 Tenn., 87; State v. Jordan, 156 Tenn., 509, Vol. 3 (2nd), S. W. 159.

*Headnote 1.  Licenses, 37 C. J., section 159.

FROM GIBSON.

Appeal from the Circuit Court of Gibson County.—
HON. W. W. BOND, Judge.

W. F. BARRY, JR., Assistant Attorney-General, for
plaintiff in error.

TAYLOR, ADAMS & FREEMAN, for defendant in error.

MR. JUSTICE TIMBERLAKE, Special Judge, delivered the
opinion of the Court.

From the judgment of the Circuit Court for Gibson
County sustaining a motion to quash the presentment
in this case, the State of Tennessee has appealed in er-
ror to this Court and assigned errors. There is no error
in the judgment of the lower Court and it is affirmed.

The quashed presentment charged, that James Bryant
and R. L. Bryant retailers of manufactured tobacco,
cigars and cigarettes doing business within the jurisdic-
tion of the court on the — day of October, A. D. 1927,
in the County of Gibson in the State of Tennessee then
and there unlawfully "did fail to affix stamps as required
by law upon sundry quantities of manufactured tobacco,
cigars and cigarettes, the same having come to rest in
this State and within the jurisdiction of this Court the
said James Bryant and R. L. Bryant having said tobacco,
cigars and cigarettes in their possession and place of
business and for the purpose of sale and having as afore-
said unlawfully failed to affix the stamps as required by
law thereto and thereon said packages against the peace
and dignity of the State."

The grounds of the motion to quash (three in number)
need not be here stated at length. It is sufficient to say
that the legal effect of said motion was to challenge the

presentment because it failed to charge any criminal offense.

The State relies on Chapter 2, Public Acts of 1927, as amended by Chapters 41 and 77 of the same Session of the General Assembly of the State of Tennessee, as furnishing the base upon which said presentment rests. The caption of said Chapter 2 is as follows, to-wit:

*(1)* "An act to impose a special privilege tax upon sales and/or distribution by gift or sale, in this State of cigars, cigarettes, manufactured tobacco and snuff sold and/or distributed by any person, firm, association, joint stock company, syndicate or corporation in this State, and to provide methods and penalties for its enforcement, and to appropriate the revenues derived from this tax to educational purposes."

It will be observed that the prime purpose of said Act as expressed in its caption is "to impose a special privilege tax upon sales and/or distribution by gift or sale," within the State of Tennessee, of the articles mentioned; and that the "methods and penalties for its enforcement" are but incidents to such prime purpose.

While sections 2 and 3 of said Act deal with the amount of said special privilege tax and the method of its payment, there is by said sections no penalty imposed and no offense of a criminal nature therein created for a failure to comply with the method of tax payment as therein provided, which is as follows, viz.:

"Such tax to be paid and the stamps hereinafter provided for affixed by the person having possession and ownership of such cigars, cigarettes, manufactured tobacco and/or snuff, after the same shall have come to rest in this State, and intended to be sold or given away in this State."

It is by sections 4, 5 and 6 of said Act that criminal offenses are created and penalties fixed. If the presentment in this case can be sustained, it must be by virtue of the legislative enactment set forth in section 4 of said Chapter 2, as amended by Chapter 41 of the Public Acts of 1927.

Without copying the whole of said section 4, as amended, we deem it only necessary to quote so much thereof as creates the criminal offense therein and thereby defined, as is shown by the following language, to-wit:

"Sec. 4. Be it further enacted, that it shall be a misdemeanor for any person, distributor or dealer, as hereinabove defined, to sell or offer for sale, or display for sale, in this State, any package or parcel of cigars, cigarettes, manufactured tobacco and snuff without having affixed thereto or thereon the stamp or stamps required to be affixed thereto or thereon under the provisions of this Act; . . ."

There is no averment in the presentment in this case that the defendants therein named did unlawfully "sell or offer for sale, or display for sale, in this State, any package or parcel of cigars, cigarettes, manufactured tobacco and snuff without having affixed thereto or thereon the stamp or stamps required to be affixed thereto or thereon" as provided by said Act; but the charge made in the presentment is, that the defendants therein named unlawfully "did fail to affix stamps as required by law," etc. In other words, the gravamen of the offense charged in the presentment was a failure to affix stamps as required by law; while the misdemeanor created by the section 4 of said Act, as amended, was, the selling or offering for sale, or displaying for sale, in this State, the articles therein mentioned, without hav-

ing affixed thereto or thereon stamp or stamps as provided by said Act.

*(2)* In the case of *Jordan* v. *State,* Vol. 3 (2nd), S. W., 159, recently decided by this Court, opinion by Mr. Justice McKINNEY, it was said viz.: "The description of a statutory offense in the words of the statute is sufficient, and renders the indictment sufficiently certain, if it gives to the defendant notice of the nature of the charge against him."

But in the instant case the description of the offense charged is not in the words of the statute creating the misdemeanor, and the language of the presentment gives to the defendants, therein named, no notice of their being called upon to meet any charge, which the statute has declared to be a criminal offense. *State* v. *Willis,* 130 Tenn., 412; *Wilson* v. *State,* 103 Tenn., 87.

The suggestion made by counsel for the State, that a failure to affix stamps, as required by the second section of said Act, should be by construction held to be a misdemeanor, else the purpose of the Act might be easily defeated, in the mode and manner pointed out by counsel in argument, is one which might influence the legislature, but should have no weight with a court.

Affirmed.