DEWEY SELLS *v.* THE STATE.

(*Knoxville,* September Term, 1930.)

Opinion filed October 11, 1930.

342

M. E. CANTOR, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error was convicted of violating chapter 2, Acts of 1927, known as the Tobacco Tax Law, and fined $10. He appealed and insists that the judgment should be reversed for error in the charge and because the evidence does not sustain the indictment.

It was charged in the indictment, which was found at the September term, 1929, that on June 10th the defendant "unlawfully did sell, offer to sell and display for sale packages of cigars, cigarettes and manufactured tobacco without having affixed the stamps." The indictment charged the terms of section 4 of the Act of 1927, which reads;

"It shall be a misdemeanor for any person, distributor, or dealer to sell or offer for sale, or display for sale, any package or parcel of cigars, cigarettes, manufactured tobacco and snuff without having affixed the stamps."

■ Sections 2 and 3 of the Act levy the tax and determine the method of collecting it by the use of stamps supplied by the State and affixed to the article in the manner therein provided. These sections do not impose a penalty. Section 4 does that, declaring it a misdemeanor to sell, offer for sale or display for sale the unstamped articles. The Act was so construed in *State v. Bryant,* 157 Tenn., 350.

■ Chapter 50, Acts of 1929, did not amend section 4 beyond increasing the fine from ten to fifty dollars. It purports to amend section 2 without materially broadening its scope. By this amendment no penalty was imposed for the omission to stamp cigarettes and tobacco after it came to rest in the State. But that was done by chapter 17, Acts Extra Session 1929, passed December 13. As thus amended section 4 reads:

"It shall be a misdemeanor for any person, distributor or dealer . . . to sell or offer for sale or display for sale in this State, or to possess for the purpose of sale or gift in this State, after the same has come to rest, cigars, cigarettes or manufactured tobacco to which or on which the stamps are not affixed."

The tobacco tax inspector testified that on previous occasions the defendant refused to permit examination of drawers and cabinets in his place of business, claiming that they contained post office supplies, a post office substation being located there. After removal of the substation, the inspector procured a search warrant and demanded the keys to the cabinets and drawers. He says defendant delayed the investigation, pretending that the key was at his home, saying he would go after it, but in

fact loitering in concealment for about two hours when he produced the keys which opened the cabinet. There was found locked in the cabinet forty-five packages of cigarettes and eleven packages of smoking tobacco. None of the packages bore stamps. They were not displayed or exposed to view, but easily accessible for purpose of sale by the clerk at the soda fountain.

The defendant testified in part that this tobacco and cigarettes were stored in the cabinet for purpose of sale when needed in the regular course of his business. But that it was not offered for sale or displayed for sale, and that his supply of stamps was exhausted, for which reason the packages were not stamped. He says it was his purpose to affix the stamps before selling the articles.

The defendant's testimony, together with the facts and circumstances disclosed by Charles M. Wagner, the inspector, and D. L. Smith, deputy sheriff, made an issue of fact, to be determined by the jury, as to whether or not defendant was in fact selling the undisplayed cigarettes and tobacco.

The trial judge correctly charged that if defendant offered for sale, displayed for sale or sold any of the articles without affixing the stamps he would be guilty. But erroneously instructed the jury that if defendant did not have the stamps as required by law affixed thereon, and thus had the articles in his possession and ownership intending to sell them without affixing the stamps, he would be guilty.

The Act imposes no penalty for intending to sell cigarettes and tobacco without stamping them, nor was it a violation of the Act, prior to the amendment by the Extra Session of 1929, to be in possession of unstamped cigars, cigarettes, tobacco and snuff. The penalty imposed by the original Act was for failure to stamp such

articles when sold, offered for sale, or displayed for sale. The amendatory Act passed at the Extra Session of 1929 was not in force when the indictment charging the offense was found, hence defendant could not be penalized under it.

For the error indicated, the judgment is reversed and the cause remanded.