IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1997 SESSION



FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| TONY CRAIG WOODS, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | No. 01-C-01-9606-CR-00238 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Thomas H. Shriver, Judge |
| | ) | |
| | ) | (Post-Conviction Relief) |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE. | ) | |

FOR THE APPELLANT:

John E. Herbison
Attorney at Law
2016 Eighth Avenue, South
Nashville, TN 37204
(Appeal Only)

W. Casey Reed
Attorney at Law
211 Printer's Alley
Suite 400
Nashville, TN 37201
(Trial Only)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Eugene J. Honea
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
Washington Square Building, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

Thomas B. Thurman
Assistant District Attorney General
Washington Square Building, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Tony Craig Woods (petitioner), appeals as of right from a judgment of the trial court dismissing his action for post-conviction relief. The trial court ruled the action was barred by the statute of limitations. In this Court, the petitioner contends (a) the trial court should have afforded him the opportunity to present evidence to explain why he failed to file his action timely and (b) the reasonable doubt instruction given by the trial court was constitutionally infirm. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court the judgment of the trial court should be affirmed.

The petitioner was convicted of murder in the first degree, robbery with a deadly weapon, and possession of a sawed-off shotgun. He appealed as of right to this Court. The petitioner's convictions were affirmed by this Court, but his sentences were modified. State v. Woods, 814 S.W.2d 378 (Tenn. Crim. App. 1991). The supreme court denied the petition for permission to appeal on July 29, 1991. The petitioner initiated this action on March 2, 1995, more than three years after the supreme court denied the application. The State of Tennessee filed an answer asserting the action was barred by the statute of limitations.

The trial court heard argument on the reasonable doubt instruction raised by the petitioner. The purpose of the hearing was to determine whether this was a new issue which was not barred by the statute of limitations. The trial court properly concluded this was not a new issue, and, furthermore, the petitioner would not be entitled to relief if the issue was not time barred.

The petitioner claims the trial court should have given him an opportunity to explain why the petition was not filed timely. This ground was not brought to the attention of the trial court until after the jurisdiction of the court had expired. Therefore, the petitioner was not entitled to a hearing on this ground.

The trial court ruled the action was barred on November 21, 1995. The petitioner subsequently filed a timely notice of appeal on December 4, 1995. Subsequently, the petitioner filed a pro se pleading entitled "Motion for Reconsideration of Petition for Post

2

Conviction Relief" on December 29, 1995. Petitioner's counsel filed a pleading entitled "Motion for Reconsideration of Petition for Post-Conviction Relief" on January 18, 1996. Counsel also filed a pleading entitled "Motion to Withdraw Notice of Appeal" on January 18, 1996. The latter motion sought to withdraw the notice of appeal previously filed without prejudice. The purpose of this motion was to permit the petitioner to raise additional issues and have a hearing on these issues.

The record makes it clear the grounds raised by the petitioner were barred by the statute of limitations. Thus, the ground pertaining to the reasonable doubt instruction is time barred. This Court and the supreme court have held on numerous occasions an attack on this instruction will not entitle the petitioner to relief from his convictions. See State v. Nichols, 877 S.W.2d 722 (Tenn. 1994); Booker v. State, Williamson County No. 01-C-01-9606-CC-00271 (Tenn. Crim. App., June 30, 1997); Pettyjohn v. State, 885 S.W.2d 364 (Tenn. Crim. App.), per. app. denied (Tenn. 1994). This Court will address the contention that the trial court failed to permit the petitioner to present evidence as to why the petition was not timely filed. This ground is without merit in the context of this case.

The petitioner did not seek a hearing or make an offer of proof as to why the petition was not filed timely. This issue first surfaced when the trial court heard the statements of counsel regarding the petitions to reconsider on April 1, 1996. There are three reasons why this issue is not meritorious.

First, the initial notice of appeal was binding upon the petitioner. The notice had the effect of invoking this Court's jurisdiction. State v. Peak, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991); State v. Bilbrey, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991); State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980), per. app. denied (Tenn. 1981). As a general rule, the trial court may not hear motions filed subsequently to the filing of the notice of appeal.

There is no statute, rule, or common law decision which permits a party to withdraw a notice of appeal without prejudice so the party may litigate additional issues. Moreover, such a rule would thaw justice because a party could file and withdraw the notice of appeal with impunity and present additional issues to litigate. It would also prevent the state from raising issues in the appellate court.

3

The only procedure available to the petitioner was the dismissal of the appeal pursuant to Tenn. R. App. P. 15(a). Obviously, the petitioner did not want to dismiss his appeal. Nor did he follow the procedure mandated by this rule. While a motion was filed, it was not for the purpose of dismissing the appeal. Further, this motion was not brought to the attention of the trial court until the hearing and no order was ever entered regarding the disposition of the motion.

Second, neither a motion to rehear nor a motion to reconsider is authorized by the Tennessee Rules of Criminal Procedure, the Tennessee Rules of Post-Conviction Procedure, or the Tennessee Rules of Appellate Procedure. State v. Burrow, 769 S.W.2d 510, 511 (Tenn. Crim. App. 1989) (discussing motion to rehear); State v. Ryan, 756 S.W.2d 284, 285 n.2 (Tenn. Crim. App.), per. app. denied (Tenn. 1988) (discussing motion to reconsider). Consequently, the trial court should not have entertained the petitioner's motions to reconsider. The petitioner was not entitled to a hearing on these motions.

Third, the trial court did not have jurisdiction to hear the motions to reconsider. The authority of a trial court to rule on motions in a lawsuit expires thirty days after the entry of judgment. State v. Lock, 839 S.W.2d 436, 439 (Tenn. Crim. App. 1992); State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991); State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App.), per. app. denied (Tenn. 1989); State v. Hamlin, 655 S.W.2d 200, 202 (Tenn. Crim. App. 1983). Thus, all of the proceedings incident to the petitions to rehear were void since the motions were filed more than thirty days after the trial court ruled the suit was barred by the statute of limitations.

In conclusion, the petitioner's suit was barred by the statute of limitations. Furthermore, the trial court did not have jurisdiction to conduct a hearing regarding the trial court's refusal to permit the petitioner to present evidence pertaining to why the petition was not filed timely.

_____
JOE B. JONES, PRESIDING JUDGE

4

CONCUR:


_____
     WILLIAM M. BARKER, JUDGE


_____
     THOMAS T. WOODALL, JUDGE