IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2011

**THADDIUS BROWN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 01-08323-34     John P. Colton, Jr., Judge**

---

**No. W2010-01131-CCA-R3-PC  - Filed September 9, 2011**

---

In August 2003, the Petitioner, Thaddius Brown, pleaded guilty to multiple counts of especially aggravated kidnapping and aggravated robbery.  Pursuant to the terms of the plea agreement, he received an effective twenty-year sentence.  He subsequently filed a petition for post-conviction relief, and the post-conviction court denied relief.  On appeal, the crux of the Petitioner's argument is that he received an illegal sentence because both boxes were checked on his judgment forms for especially aggravated kidnapping indicating that his sentences should run at 30% and 100%.  The post-conviction court found that the error in the Petitioner's judgment forms was a clerical error and that his plea was voluntarily and knowingly entered.  We agree.  We remand solely for entry of corrected judgment forms to reflect a single release eligibility of 100% for the Petitioner's especially aggravated kidnapping convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed and Remanded.**

DAVID H. WELLES, SP. J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined, and NORMA MCGEE OGLE, J., concurred in result.

Thaddius Brown, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and John A. Irvine, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

This case presents a complex and protracted procedural history. On July 31, 2001, a Shelby County grand jury indicted the Petitioner, along with five co-defendants and in at least five separate indictments, for offenses occurring on January 11, 2001: Case 01-08323, two counts of especially aggravated kidnapping of Jodeci Somerville; Case 01-08325, two counts of especially aggravated kidnapping of Jerome Carpenter; Case 01-08332, one count of aggravated robbery of Omar Coleman; Case 01-08333, one count of aggravated robbery of Devin Wright; and Case 01-08334, one count of aggravated robbery of Jerome Carpenter. See Tenn. Code Ann. §§ 39-13-305 (especially aggravated kidnapping) & 39-13-402 (aggravated robbery). The record reflects that, on August 22, 2003, the Petitioner pleaded guilty to three counts of especially aggravated kidnapping (Count 2 of 01-08323 and Counts 1 and 2 of 01-08325). For these convictions, he was sentenced to twenty years on each count; regarding his release eligibility, both boxes "Standard 30%" and "Violent 100%" were checked on the respective judgment forms. He also pleaded guilty to three counts of aggravated robbery (Cases 01-08332, 01-08333, and 01-08334) on the same day, receiving sentences of ten years at 30% for each count.[1] All sentences were ordered to be served concurrently with one another, for a total effective sentence of twenty years. While the judgment forms show the "date of entry of judgment" as August 22, 2003, no "file-stamp" date appears on the judgment forms contained in the record before this Court.

We glean that the Petitioner then filed a "Motion to Reduce/Suspend Sentence" pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure, arguing that his sentence was severe "in light of the rehabilitative and compensatory action" he had taken. This motion, which is attached as an exhibit to the later-filed petition, does not bear any indication of when it was submitted, mailed, or filed. The Petitioner provides several different dates in his various pleadings: December 10, December 12, and December 22 of 2003. Seemingly, the Petitioner then mailed a "Motion for Determination of Status of Case or in the Alternative a Motion for Disposition of Case" on May 28, 2004, requesting the court to rule on or dispose of his previous motion for reduction or suspension of his sentences. This document

---

[1] The Petitioner states in his petition that he pleaded guilty to fourteen counts of especially aggravated kidnapping and five counts of aggravated robbery (Cases 01-08323 to 01-08334) on this date. However, before this Court in the record on appeal, we have only the above-delineated indictments and judgment forms. It appears that, regardless of the number of actual convictions, whether it be three or fourteen, the Petitioner's effective sentence of twenty years remains unchanged.

is also attached as an exhibit to the later-filed petition and does not reflect a "file-stamp" date.

On September 27, 2004, the Petitioner's "Petition for Post-Conviction Relief From Sentence and/or Motion for Disposition of Rule 35 Reduction and/or Correction of Sentence" was filed with the Shelby County Court Clerk. The document reflects that the Petitioner signed the petition before a notary on September 9, 2004; the Petitioner then states that he delivered it to prison authorities for mailing on September 13, 2004, and that, inexplicably, he "executed" the document on September 15, 2004. In the petition, the Petitioner moved the court to dispose of his Rule 35 motion or, alternatively, to grant the Petitioner post-conviction relief. The Petitioner checked that the following grounds supported his request for post-conviction relief: "Conviction was based on the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant"; "Conviction was based on action of a grand or petit jury that was unconstitutionally selected and impaneled"; "Denial of effective assistance of counsel"; and "Other grounds."

The Petitioner attached a memorandum in support of his motion/petition. Initially, the Petitioner averred that, as of the date of the petition, no action had been taken to resolve or otherwise dispose of his Rule 35 motion filed in December 2003. He submitted that he filed his motion within the required 120 days and requested that the court reduce his sentence from twenty to fifteen years for his especially aggravated kidnapping convictions. In the event that the Rule 35 motion was denied, he additionally sought post-conviction relief.

As his first ground for post-conviction relief, he argued, that due to "[g]ross fraud and misrepresentation" by his counsel, his guilty plea was involuntarily and unknowingly entered. He submitted that trial counsel failed to adequately investigate his case and explain the terms of the plea agreement, spending less than eighteen total hours in preparation for trial and in consultation with the Petitioner. Also, according to the Petitioner, trial counsel

> never explained to [him] that the total would in fact be twenty. What he explained to [the P]etitioner was that regardless of what the [c]ourt stated[:] "Twenty years at 100% meant no more that 15 years total. And that when combined with the 950 days (2 years & 7 months) pre trial jail credits, this would knock the sentence down to an effective 12 year sentence." And furthermore that, he would only be required to serve 30% of that [12 year] sentence before he was eligible to meet the Parole Board. Thus, he would have to spend no more that 1 year and 5 months in a state prison before meet [sic] the Parole Board.

He further contended that, if had received the proper information from trial counsel, he would not have accepted the plea agreement. As his second ground for post-conviction relief, he argued that his judgments were void because his sentence was illegal, being imposed in direct contravention (1) of Tennessee Code Annotated section 40-35-501(i), designating especially aggravated robbery as a "violent offense" and requiring service of 100%, and (2) of the various statutes and rules governing requirements for Uniform Judgment Documents. He posits his argument as follows:

> Therefore, it is the contention of the Petitioner that . . . the trial court has deviated from the provisions of the 1989 Act, because in effect it has [] illegally sentenced him as a 100% violent offender while endorsing the State[']s assurances that [the P]etitioner would have been eligible for parole after doing only 30% of the sentence. Thus, the [c]ourt has, in effect, not merely sanctioned, but wholeheartedly facilitated [the] fraud on the part of the District Attorney's Office. Such bad faith acts and illicit collusion on the parts of both the State and [c]ourt, are grounds for reversal of the conviction and dismissal of the indictments.

The State then responded to the petition, arguing that it was barred by the one-year statute of limitations. See Tenn. Code Ann. § 40-30-202(a). On October 15, 2004, the court entered an order finding that petition was filed outside the applicable one-year limitations period and thus dismissing the petition.

The Petitioner filed a document titled "Motion for Preparation and Designation of Record." Once again, the document bears no "file-stamp" date, only a signature by the Petitioner dated October 26, 2004. Also signed on October 26 is the Petitioner's "Motion for Relief from Judgment or in the Alternative a Motion for Notice of Appeal." This document bears a "file-stamp" date of November 6, 2004. The Petitioner first argued that the court retained jurisdiction over the case due to his proper filing of a Rule 35 motion, which had yet to be ruled on. Nonetheless, he asserted that his petition was timely filed, thus, seeking an evidentiary hearing on the issue. By all accounts, if the post-conviction court had rejected the Petitioner's arguments in the motions, these two documents together evidenced the Petitioner's intent to perfect an appeal to this Court of the summary dismissal of his petition. However, no appeal was ever transmitted to this Court, and this case then went through a confusing procedural chain of events.

The State responded to the Petitioner's "Motion for Relief from Judgment or in the Alternative a Motion for Notice of Appeal" arguing that the court properly denied the request for post-conviction relief as time-barred, but asserting that the court should transfer the Petitioner's Rule 35 to Division 5 of the Criminal Court, where the sentences were imposed.

On December 8, 2004,[2] the court entered an order dismissing the Petitioner's "motion to revisit" the dismissal of his post-conviction petition, denying the Petitioner's request for an evidentiary hearing on the statute of limitations issue, and transferring his Rule 35 motion to Division 5.

Thereafter, on April 22, 2005, the court entered another order in the Petitioner's case. The court "struck" the previous orders dismissing the petition for post-conviction relief and dismissing the motion to revisit that dismissal and transferring the case to Division 5, entered on October 15, 2004, and December 8, 2004, respectively. The court then ordered "that the petition for post-conviction relief filed on September 27, 2004, shall be dismissed as it was filed too early for a Rule 35 motion was previously filed and still pending in these matters." A separate order was entered on that same date again transferring the case to Division 5 for resolution of the Petitioner's Rule 35 motion.

On April 27, 2009, the Petitioner, with the assistance of counsel, filed a "Motion to Reconsider Order Dismissing Petition for Post-Conviction Relief," again arguing that his petition was timely filed. No resolution of this motion is apparent from the record, but a post-conviction hearing was finally held on April 15, 2010, addressing the merits of the Petitioner's petition for post-conviction relief.

The Petitioner testified that, while he was seeking post-conviction relief, he did not want his guilty plea set aside, he only wanted his twenty-year sentence addressed. The Petitioner then gave the Court the specifics of his grievance with his sentence:

> I wanted the [c]ourt to look at my sentencing as far as being, the range. It came to be that they put me in a range one. Where as I had no priors. No prior convictions. Never been incarcerated.
>
> And, they threw me automatic into range one. Instead of starting me off in a mitigated, at thirteen point five. It was just like they hand tossed me out there.
>
> I don't understand why, you know, was I being out there like that. And, due to the investigation on the case, where, now people come forward as far as witness wise, and state it.

___

[2] While the "file-stamp" reflects a date of December 8, 2005, it is clear from the record that the actual date was December 8, 2004.

-5-

It's also on record as far as the private investigator that we hired, to go out and find those witnesses, you know. And, that's what the private investigator did.

I feel like I'm being over sentenced.

Following questioning by the court, the Petitioner also brought up the fact that the two boxes ("Standard 30%" and "Violent 100%") were checked on his judgment forms, opining that only one box should have been checked. The Petitioner would not acknowledge that such an error could be clerical in nature, stating, "A mistake is a mistake, right?" The Petitioner also did not understand why his sentence could not be changed without setting aside his guilty plea.

No other witnesses were presented by either side. Following the Petitioner's testimony, the post-conviction court denied relief, and an order was entered to that effect on April 20, 2010. The Petitioner filed a notice of appeal from this dismissal on April 29, 2010. The case is now before this Court.

**Analysis**

Initially, we must address the State's argument that the appeal should be dismissed because the post-conviction court did not have jurisdiction to enter the April 22, 2005 order striking its two previous orders, dated October 15, 2004 and December 8, 2004, dismissing the petition as untimely. The State contends that the post-conviction court lost jurisdiction over the case once it dismissed the petition for post-conviction relief, and the Petitioner failed to perfect a direct appeal. The State notes that the Petitioner filed a "Motion for Relief from Judgment or in the Alternative a Motion for Notice of Appeal" on November 6, 2004, but contends that, because the post-conviction court treated the pleading only as a motion for relief from judgment, the Petitioner was again required to file a notice of appeal after the denial of his motion for relief from judgment. The State submits that the Defendant had thirty days from December 8, 2004 (date the motion for relief from judgment was denied), to appeal the post-conviction court's decision.

The State's argument is flawed in that this Court has held that a motion for relief from judgment is not a motion that tolls the time for filing a notice of appeal. See Tenn. R. App. P. 4(b), (c); see also Michael Joseph Grant v. State, No. E2009-00311-CCA-R3-PC, 2010 WL 987123, at *2 (Tenn. Crim. App., Knoxville, Mar. 18, 2010); Vincent Harris v. State, No. 02C01-9702-CR-00063, 1998 WL 12671, at *1 (Tenn. Crim. App., Jackson, Jan. 15, 1998) (Rule 60.02 of the Tennessee Rules of Civil Procedure does not apply in post-conviction cases). Thus, the Petitioner had thirty days from October 15, 2004, to file

a notice of appeal, which he did. Rule 3, Tennessee Rules of Appellate Procedure, states that "[a]n appeal shall not be dismissed for informality of form or title of notice of appeal." Tenn. R. App. P. 3(f). The post-conviction court should have looked at substance over form. Despite the title of the pleading, "Motion for Relief from Judgment or in the Alternative a Motion for Notice of Appeal," the Petitioner states, if he cannot be granted relief from judgment, then the document shall, in the alternative, "serve as notice that [the] Petitioner wishes to appeal his dismissal to the Criminal Court of Appeals." This pleading, coupled with the document titled "Motion for Preparation and Designation of Record," clearly indicate the Petitioner's intent to perfect an appeal to this Court of the summary dismissal of his petition for post-conviction relief. Nothing else was required of the Petitioner; however, no appeal was ever transmitted to this Court.

If an appeal had been properly transmitted to this Court, then the issue of the summary dismissal of the Petitioner's petition would have been before this Court for adjudication. See State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003); Allen Oliver v. State, No. W2002-02085-CCA-R3-PC, 2003 WL 21338938, at *1 (Tenn. Crim. App., Jackson, May 16, 2003) (interpreting Green, this Court concluded that the post-conviction statute of limitations started thirty days after the date the petitioner pled guilty and was sentenced). Therefore, we would have concluded that the petition was not barred by the one-year statute of limitations, and the proper remedy would have been to remand to the post-conviction court for a hearing. However, because a hearing has already taken place, and the Petitioner timely filed a notice of appeal from the post-conviction court's April 20, 2010 order, we see no need to further complicate matters. We choose to address the petition on the merits.

On appeal, the Petitioner acknowledges that he agreed to the sentence, but contends that the trial court was without jurisdiction to impose an illegal sentence—a twenty-year sentence for especially aggravated kidnapping at both "Standard 30%" and "Violent 100%." The Petitioner submits that his especially aggravated kidnapping sentences are illegal because they were imposed in direct contravention of Tennessee Code Annotated section 40-35-501(i), requiring service of an especially aggravated kidnapping sentence at 100%. A sentence imposed in direct contravention of a statute is void and illegal and subject to attack in a timely filed post-conviction petition. See Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). In his pro se brief on appeal, the Petitioner does not mention his ineffective assistance of counsel or involuntary and unknowing guilty plea claims. However, given the unreasonable delay in these proceedings in the post-conviction court, the fact that the Petitioner is pro se on appeal, and because the post-conviction court addressed all of the Petitioner's arguments, we choose to address all of the Petitioner's issues in the interest of avoiding further unnecessary proceedings.

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. Id. at 687; Burns, 6 S.W.3d at 461. To demonstrate prejudice, a defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d 240 at 246.

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. Hill v. Lockhart, 474 U.S. at 56 (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

When a guilty plea is entered, a defendant waives certain constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses. Boykin v. Alabama, 395 U.S. 238, 243 (1969). "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Id. at 242. Thus, in order to pass constitutional muster, a guilty plea must be voluntarily, understandingly, and intelligently entered. See id. at 243 n.5; Brady v. United States, 397 U.S. 742, 747 n.4 (1970). To ensure that a guilty plea is so entered, a trial court must "canvass[] the matter with the accused to make sure he [or she] has a full understanding of what the plea connotes and of its consequence[s]." Boykin, 395 U.S. at 244. The waiver of constitutional rights will not be presumed from a silent record. Id. at 243.

In State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), the Tennessee Supreme Court set forth the procedure for trial courts to follow in Tennessee when accepting guilty pleas. Id. at 341. Prior to accepting a guilty plea, the trial court must address the defendant personally

in open court, inform the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. See id.; Tenn. R. Crim. P. 11. A verbatim record of the guilty plea proceedings must be made and must include, without limitation, "(a) the court's advice to the defendant, (b) the inquiry into the voluntariness of the plea including any plea agreement and into the defendant's understanding of the consequences of his entering a plea of guilty, and (c) the inquiry into the accuracy of a guilty plea." Mackey, 553 S.W.2d at 341.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

The post-conviction court denied the Petitioner relief, concluding as follows:

5) The pleadings in his case, however, do not support his claims. The [P]etitioner entered a guilty plea on August 22, 2003. On the same date, he signed a "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea Guilty," a copy which is attached hereto. The form reads, in pertinent part, as follows:

PLEA OF GUILTY TO THE OFFENSE(S): TIME RECEIVED: AND PLACE OF CONFINEMENT

|  | Range and Percentage |
|---|---|
| 01-08323-24-25-26-27-28-29 20 years in each case- concurrent- on plea to ESP. AGG. KIDNAPPING | Range I NP |
| 01-08330-1-2-3-4 10 years in each case- concurrent on plea to agg robbery Time in all 12 cases concurrent | Range I - 30% |

-10-

. . . .

8) The court addressed the [Petitioner] personally and asked the appropriate questions about the entry of a guilty plea. The court asked whether the [Petitioner] wished to accept the [S]tate's offer, and the [Petitioner] finally agreed.

9) The court went over the plea agreement, which was signed by the [Petitioner]. The court and the [Petitioner] entered the following exchange:

THE COURT: All right. For the record this is a petition for waiver of trial by jury and request for acceptance of plea of guilty. And it outlines what you're pleading guilty to on this document that you signed and that lists all of the eight or ten indictments for Especially Aggravated Kidnapping and all of the five or six Aggravated Robberies, [20 years as a violent offender 100 percent on the Especially Aggravated Kidnappings, ten years range one on the Aggravated Robberies,] all to be served concurrently with one another.

[THE PETITIONER]: You said 100 percent?

THE COURT: Yes, sir.

[THE PETITIONER]: I thought it was at 85 percent.

THE COURT: It can be 85 percent with good and honor time. It won't go below 85. Officially, it goes on the judgments sheets so there's no confusion as 100 percent. But it can be reduced to 85 percent with good and honor time. All right? All right?

[THE PETITIONER]: I hear you, yes, sir.

THE COURT: Any questions?

[THE PETITIONER]: No, sir.

THE COURT: Step down.

. . . .

-11-

10) The [S]tate gave a statement of the case, and defense counsel stipulated that the facts were substantially correct. The court pronounced the sentence:

To your plea of guilty in Ca[]se Number 01-08323,4, 5, 6 ,7, 8, and 9 to the offense of Especially Aggravated Kidnapping, I find you guilty in each of those indictments of that offense, sentence you in each case to serve a period of 20 years in the State penitentiary as a violent offender 100 percent release eligibility date with the possibility of a reduction to 85 percent based on good and honor time.

In Indictments 08330, 1, 2, 3, and 4, to the offense of Aggravated Robbery, ten years range one in each of these cases. All of your cases, both the Especially Aggravated Kidnapping and the Aggravated Robbery cases, to be served concurrently with one another for a total effective sentence of 20 years as a 100 percent violent offender.

11) There is an error in the judgments for especially aggravated kidnapping. There is a section marked: "Release eligibility (Check One)." The judgment has both "Standard 30%) and "Violent 100%" marked despite the fact that only one box should be checked. The ambiguity in the judgment is meaningless, however, since "[g]enerally, when there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls." State v. Crowe, 168 S.W.3d 731, 735 n.1 (Tenn. 2005) . . . .

12) Furthermore, the [Petitioner] complains that he should have been sentenced as a mitigated offender and that, therefore, his sentence is illegal. Regardless of whether he might have been a mitigated offender, or not, a defendant may bargain for a sentence that falls in a range of punishment greater than that for which he would otherwise be qualified for so long as

> The sentence imposed was clearly within statutory limits fixed for the offense of murder in the second degree. In our opinion any question as to the classification of appellant as a Range II offender or as to his release eligibility was waived by the guilty plea. It was not a constitutional error in and of itself and at most rendered the sentence subject to attack on direct review by appeal. Appellant waived any right of appeal in the guilty plea proceedings, and expressly agreed to be sentenced with the classification and parole eligibility imposed.

State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987). We emphasized that the plea agreement in Mahler differed from "other cases where sentences were imposed which were higher or lower than that authorized by the statute designating the punishment for the crime" and noted that the sentences in "those [other] cases" were "subject to being later vacated or corrected." Id. (citing State v. Hamlin, 655 S.W.2d 200, 201 (Tenn. Crim. App. 1983)).

State v. Hoover, 215 S.W.3d 776, 779 (Tenn. 2007).

The post-conviction court did not credit the testimony of the Petitioner at his post-conviction hearing, instead finding that the Petitioner understood his plea agreement. Having reviewed the transcripts of the Petitioner's guilty plea and post-conviction hearing, we conclude that the evidence does not preponderate against the post-conviction court's findings. At the guilty plea hearing, it was noted that the Petitioner's co-defendants got between 140 and 364 years. The Petitioner stated that he had discussed the plea agreement with counsel "at some length" and confirmed that he was pleading guilty "freely and voluntarily[.]" The record reflects the Petitioner knew and understood the options available to him prior to the entry of his guilty plea, including the right not to plead guilty and continue with his jury trial, and he freely made an informed decision of that course that was most palatable to him at the time.

Nothing in the record before us indicates or, for that matter, even suggests that the Petitioner was ever advised by the prosecutor, defense counsel, or the trial court that he would be eligible for release after serving 30% of his sentence for especially aggravated kidnapping. His twenty-year sentences fall within the Class A felony sentencing range for a Range I, standard offender. See Tenn. Code Ann. 40-35-112(a)(1). Unfortunately, in completing the release eligibility section of the judgment forms for especially aggravated kidnapping, the section "Standard 30%" was checked, in addition to the section "Violent 100%." It is undisputed that the Petitioner is, for sentencing purposes, a "Range I" offender, and the only portion of the section which is in conflict with his classification as a violent offender is the notation "Standard 30%," which refers to release eligibility. Under these circumstances, the notation "Standard 30%" amounts to nothing more than a clerical error which may be corrected at any time. See Tenn. R. Crim. P. 36; James L. Moore v. Kevin Myers, Warden, No. M2005-01855-CCA-R3-HC (Tenn. Crim. App., Nashville, Dec. 16, 2005). The Petitioner's arguments that his sentence is illegal, that his guilty plea was involuntarily and unknowingly entered, or that he received the effective assistance of counsel are without merit.

Addressing the Petitioner's argument that he should have been sentence as a mitigated offender, the post-conviction court correctly stated that, with regard to allegedly improper

sentences arising from plea bargains, offender range classification and release eligibility are "non-jurisdictional." See Hoover, 215 S.W.3d at 780. Thus, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id.; see Hicks, 945 S.W.2d at 709; Mahler, 735 S.W.2d at 228.

We are cognizant of the fact, however, that had the Petitioner's pleas to especially aggravated kidnapping "rest[ed] in any significant degree on a promise or agreement of the prosecutor, so that it [could] be said to be part of the inducement or consideration" for his guilty pleas, our holding might have been different. See Santobello v. New York, 404 U.S. 257, 264 (1971); see also Smith v. Lewis, 202 S.W.3d 124, 129-30 (Tenn. 2006). "[T]he record in this case does not demonstrate on its face that the illegal provision of early release eligibility was a bargained-for element of [the Petitioner's] plea." See Smith, 202 S.W.3d at 130. Accordingly, the error committed in the preparation of the judgment forms does not affect the validity of the convictions. We remand solely for the entry of corrected judgment forms to reflect a single release eligibility of "Violent 100%."

## Conclusion

Based upon the foregoing reasoning and authorities, the denial of post-conviction is affirmed. The case is remanded to the original court of conviction for entry of corrected judgments of conviction for especially aggravated kidnapping reflecting service of the Petitioner's sentences as only a violent offender (100%).

_____
DAVID H. WELLES, SPECIAL JUDGE