IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

## STATE OF TENNESSEE v. CHRISTOPHER CALDWELL

**Appeal from the Criminal Court for Davidson County**
**Nos. 2014-B-1525, 2015-C-1855, 2015-I-751    Cheryl Blackburn, Judge**

—————————————————————————

### No. M2019-01250-CCA-R3-CD

—————————————————————————

On April 21, 2016, the Defendant, Christopher Caldwell, was convicted of three felony offenses in Davidson County and sentenced to fifteen years in Community Corrections. On October 20, 2016, he was convicted in Sumner County of two felony offenses and sentenced to twelve years in Community Corrections, consecutive to the Davidson County sentences. The Defendant violated the terms of his Davidson County sentence and was ordered to serve one year and then return to Community Corrections. More than eight months later, after learning that the Defendant had also violated the terms of his Sumner County sentence and had been ordered to serve that sentence in the Tennessee Department of Correction, the Davidson County trial court ordered the Defendant to serve his Davidson County sentences in the Tennessee Department of Correction. Because the Davidson County trial court's original disposition of the Community Corrections violation was final, and no additional warrant alleging a new violation of Community Corrections had been filed, the Davidson County trial court lacked jurisdiction to order the service of the Davidson County sentences in the Tennessee Department of Correction. The State concedes this point. Accordingly, we reverse and vacate the Davidson County trial court's June 21, 2019 order requiring service of the Defendant's Davidson County sentences in the Tennessee Department of Correction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Vacated**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

David Von Wiegandt, Nashville, Tennessee, for the appellant, Christopher Caldwell.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Jordan F.

Hoffman and Magan King, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Defendant's Community Corrections sentences, imposed following his guilty pleas to three felony offenses. We provide a history of the Defendant's case as background to his appeal of the trial court's order placing his sentence into effect.

On April 21, 2016, the Defendant pleaded guilty in Davidson County to two counts of theft and one count of selling more than .5 grams of a Schedule II controlled substance. The Davidson County trial court imposed an effective sentence of fifteen years to be served on Community Corrections. Subsequently, on October 20, 2016, the Defendant pleaded guilty to motor vehicle burglary and theft of property in Sumner County. The Sumner County trial court sentenced him to an effective twelve-year Community Corrections sentence, to be served consecutively to the fifteen-year Davidson County sentence. The effective sentence at this point was twenty-seven years on Community Corrections.

In 2018, multiple violation warrants were issued, alleging numerous violations of the conditions of the Defendant's Davidson County fifteen-year Community Corrections sentence. At an April 13, 2018 revocation hearing, the Defendant conceded the violations. The Davidson County trial court found that the Defendant had violated the terms of his Community Corrections sentence and ordered him to serve one year of his sentence in confinement, followed by reinstatement to Community Corrections to serve the remainder of his sentence.

In November 2018, a Sumner County trial court found that the Defendant had violated the terms of his Sumner County Community Corrections sentence and ordered the Defendant to serve his twelve-year sentence in the Tennessee Department of Correction. The Defendant then filed a petition to suspend his sentence in Davidson County so that he could begin service of his twelve-year Sumner County Tennessee Department of Correction sentence. The Davidson County trial court denied the petition and instructed the State to file a motion to reconsider the April 13, 2018 disposition of the Defendant's violation of his Davidson County Community Corrections sentence.[1]

---

[1] We note that a motion to reconsider is not contemplated by the Tennessee Rules of Criminal Procedure. *State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003). This court in *State v. Biggs*, concluded that a motion for reconsideration of probation was in effect a request for a reduction of sentence under Tennessee Rule of Criminal Procedure 35.1. 769 S.W.2d 506 (Tenn. Crim. App. 1988).

The State filed a motion to reconsider on December 12, 2018. The motion was heard on May 3, 2019. At the hearing, the State reviewed the history of the case with the trial court, informing the court that the consecutive Sumner County Community Corrections sentence had been violated by the Defendant and ordered to be served in the Tennessee Department of Correction. The State noted that it was not "asking the Court at this point to have him serve what would in effect be a twenty-seven year sentence in the Department of Correction. But we did want Your Honor to be aware that while he's going to be on Your Honor's community corrections here, he's going to be in the Department of Corrections." After some discussion about how the Department of Correction would calculate the sentences, the Davidson County trial court took the State's motion under advisement and subsequently issued an order on June 21, 2019, granting the State's motion and ordering the Defendant to serve his fifteen-year sentence in the Tennessee Department of Correction.

In the order, the trial court acknowledged previously reinstating the Defendant to Community Corrections after service of one year in jail; however, the trial court reasoned that in light of the Sumner County trial court placing the Sumner County sentence into effect, it was "appropriate" to place the Davidson County sentence into effect as well.

It is from this judgment that the Defendant appeals.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred when it ordered his fifteen-year Davidson County Community Corrections sentence to be served in the Tennessee Department of Correction, and the State agrees. The State concedes that, because the trial court had previously resolved the Defendant's Community Corrections violation in April 2018, and no new violation was alleged, the trial court improperly "revisit[ed] [the] year-old revocation decision."

As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a), (c). Once a judgment becomes final or a timely notice of appeal has been filed, the trial court loses jurisdiction over the matter. *Pendergrass*, 937 S.W.2d at 837. After a trial court loses jurisdiction, it generally has no power to amend its judgment. *Id.*; *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). It is well-settled that a judgment beyond the jurisdiction of a court is void. *Pendergrass*, 937 S.W.2d at 837. "Likewise, jurisdiction to modify a final judgment cannot be grounded upon waiver or agreement by the parties." *Moore*, 814 S.W.2d at 383; *see also State v. Hamlin*, 655 S.W.2d 200, 202 (Tenn. Crim. App. 1983).

The trial court revoked the Defendant's Community Corrections sentence on April 13, 2018, imposing a year of incarceration, with the Defendant to then be reinstated to Community Corrections for the balance of the fifteen-year sentence. After learning that the Sumner County trial court had placed the Defendant's consecutive twelve-year Sumner County Community Corrections sentence into effect, the trial court then changed the April 13, 2018 disposition, placing the Defendant's sentence into effect on June 21, 2019, well after the April 13, 2018 order had become final. Absent another warrant alleging that the Defendant had violated the terms of his Community Corrections sentence, the trial court was without authority to alter the existing judgment. *See* T.C.A. § 40-35-308.

The Defendant also alleges that the trial court violated the Defendant's right against double jeopardy by sentencing the Defendant twice for the same probation violation. Because we have concluded that the trial court was without jurisdiction to issue the June 21, 2019 order for the Defendant to serve his fifteen-year sentence in the Tennessee Department of Correction, we need not address this issue.

### III. Conclusion

Accordingly, based on the above mentioned reasoning and authorities, we reverse and vacate the trial court's June 21, 2019 order. The trial court's April 13, 2018 order shall remain in effect.

_____
ROBERT W. WEDEMEYER, JUDGE